**YEUNG YING CHEUNG (A15 825 416), Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 17182.**

United States Court of Appeals, Third Circuit.

Argued Jan. 22, 1970.

Decided Feb. 17, 1970.

Jules E. Coven, Lebenkoff & Çoven, New York City, for petitioner.

Robert W. Nuckles, Immigration Unit —Criminal Division, Department of Jus-tice, Washington, D. C. (Louis C. Bechtle, U. S. Atty., Eastern District of Pennsylvania, Philadelphia, Pa., Merna B. Marshall, Asst. U. S. Atty., Eastern District of Pennsylvania, Paul C. Summitt, Attorney, Department of Justice, Washington, D. C., on the brief), for respondent.

Before FORMAN, SEITZ and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The immigration difficulties of the petitioner, Yeung Ying Cheung, a citizen of the Republic of China, commenced many years ago, when, as a crewman he deserted his ship at Houston, Texas, and remained at large in this country longer than the 29 days to which he was permitted as a non-immigrant.[1] After apprehension he was afforded a hearing before a Special Inquiry Officer and found deportable on the ground charged. On December 12, 1961, he was ordered deported to the Republic of China, specified by him to be the country to which he should be deported.[2]

His case thereafter crept through a series of abortive deportation proceedings plus a suit brought and discontinued by him in the United States District Court for the District of New Jersey. Finally a certificate of identity issued by Hong Kong authorities was obtained on December 13, 1966. It implemented an order of October 21, 1964, deporting him to the Republic of China on Formosa or to Hong Kong.

Petitioner moved to reopen the proceedings on April 18, 1967, for the purpose of applying for a suspension of his deportation and adjustment of his status for permanent residence pursuant to sections 244(a) (1) and (f) of the Immigration and Naturalization Act, 8 U.S.C.

---

1. In violation of § 252(a) of the Immigration and Naturalization Act, 8 U.S.C. § 1282(a).

2. Petitioner subsequently withdrew mainland China as his choice of country to which he should be deported. *See* Lam Tat Sin v. Esperdy, 334 F.2d 999 (2 Cir.), cert. denied 379 U.S. 901, 85 S.Ct. 190, 13 L.Ed.2d 176 (1964) wherein a similar practice was engaged.

sections 1254(a) (1) and (f) for extreme hardship.[3] Reopening was granted.

After a hearing on September 7, 1967, the Special Inquiry Officer found that the petitioner, 51 years old, had been continuously physically present in the United States for the minimum required period of seven years; that he had established his good moral character during that period; that he had left his wife and four children in mainland China and went to Hong Kong because of alleged Communist oppression and his inability to support himself and family; that he resided in Hong Kong between 1953 and 1956 working as a taxi driver and factory hand; that in 1956 he became a seaman until he deserted his vessel in 1960, as aforementioned; that for the seven years prior to his hearing he was employed as a cook in a restaurant in West Orange, New Jersey, at $70.00 per week and had accumulated approximately $4,000 while in this country. The Special Inquiry Officer concluded that while employment in Hong Kong:

> "may possibly be somewhat harder to obtain than in the United States and wages may not be comparable to what he can earn here. * * * [petitioner] will be able to return to Hong Kong with approximately $3,000 to tide him over the initial period of re-establishment until he can obtain em-

ployment comparable to what he had previously."

Such circumstances, found the Special Inquiry Officer, would not cause him to suffer extreme hardship within the meaning of the law. He denied the application for suspension of deportation and again ordered petitioner to be deported to the Republic of Formosa or in the alternative to Hong Kong. From this determination petitioner appealed to the Board of Immigration Appeals (Board). It approved the findings and conclusions of the Special Inquiry Officer adding:

> "there are no equities in the * * * [petitioner's] case which merit the suspension of deportation. He has no close family ties in the United States and has only earned a modest salary while employed in this country."

The appeal was dismissed.

Petitioner now seeks from this court a reversal of the decision of the Board and an injunction restraining the Immigration and Naturalization Service from deporting him.[4] Petitioner charges that the Special Inquiry Officer and the Board ignored factors which he contends should have been regarded as evidence that he would suffer extreme hardship if deported to Hong Kong. Among them he cited the fact that petitioner has made a home for himself in the United States; that his family remains on the

---

3. Sections 244(a) (1) and (f) provide:
    "As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—
    "(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all such period he was and is a person of

good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence; or

* * * * *

    "(f) No provision of this section shall be applicable to an alien who (1) entered the United States as a crewman subsequent to June 30, 1964; * * *." 8 U.S.C. §§ 1254(a) (1) and (f).

4. This relief is claimed under Pub.L. 87-301, sec. 5(a), 75 Stat. 651, 8 U.S.C. § 1105a.

mainland of China; that he has no other relatives; that Hong Kong is over-crowded and has a water shortage and:

"tremendous problems with reference to Communist infiltration, sabotage and disrupting stresses and tactics; * * *"

that petitioner disliked Communism and that he would have difficulties in obtaining employment in Hong Kong.

■ Petitioner also stressed a comment of the Special Inquiry Officer, made during the course of his opinion, that "in view of the disturbed political condition in Hong Kong, however, the possibility of hardship is present * * *" in his appeal to the Board. He asked the Board to remand the case for the introduction of evidence relative to the political situation which existed in Hong Kong. The reference by the Special Inquiry Officer to disturbed political conditions in Hong Kong at the time of the hearing on September 19, 1967, as presenting the *possibility* of hardship was a passing one and certainly constituted no bar to the positive determination that the return of the petitioner to Hong Kong would not cause him to suffer extreme hardship. The Board, at its hearing in November 1967, took notice from current reports that conditions in Hong Kong had improved. In view of the general nature of the Special Inquiry Officer's remark and the failure of the petitioner to offer any evidence to support his request to the Board its refusal to remand was fully justified.

Petitioner further argues that the Special Inquiry Officer's judgment was warped by his failure to consider that the 1965 Amendment to the Act made seamen who illegally entered the United States eligible to apply for suspension of deportation and that he also erred in failing to give consideration to the elimination by amendment of the words "especially unusual and" from the term "especially unusual and extreme hardship." These assertions are without foundation and unpersuasive.[5]

■ There is no substantial dispute as to petitioner's deportability. Petitioner was accorded due procedural process in a full and fair hearing during which he was represented by counsel of his choice. The record discloses that the findings of fact of the Special Inquiry Officer, approved by the Board were supported by reasonable and substantial probative evidence.[6] That, in the main, petitioner presented the qualifications required by the Act before discretion may be exercised was not particularly controverted. However, a finding that petitioner may be eligible for consideration does not mean that the application should be automatically granted. Whether to award relief to qualified applicants has been confided by Congress to the discretion of the Attorney General.[7] Thus the case presents the very narrow issue: was discretion to suspend petitioner's deportation exercised illegally, arbitrarily or capriciously?[8] The answer is clearly in the negative.

■ None of the reasons for the relief advanced by petitioner achieved a greater level than the thrust of his plea that his economic well being would be adversely affected by his deportation to Hong Kong, and this must fail for the difference in economic standards which exist between the United States and oth-

---

5. *See, supra,* n. 3.

6. Sec. 106(a) (4) of the Act of 1952, as amended, 8 U.S.C. § 1105a(a) (4).

7. Jay v. Boyd, 351 U.S. 345, 354, 76 S.Ct. 919, 100 L.Ed. 1242 (1956).

8. United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77, 77 S.Ct.

618, 1 L.Ed.2d 652 (1957); Muskardin v. Immigration & Naturalization Service, 415 F.2d 865 (2 Cir. 1969); Fernandez-Gonzalez v. Immigration & Naturalization Service, 347 F.2d 737 (7 Cir. 1965). *See* 2 Gordon and Rosenfield, Immigration Law and Procedure, 8.14, pp. 8–95 (1967 Ed.).

er countries cannot be held to command the exercise of favorable discretion.[9] His other reasons fall of their own weight.

An examination of the entire record discloses painstaking consideration of petitioner's application and that the Special Inquiry Officer and the Board acted well within their discretion in denying petitioner's application. The Board correctly dismissed the petitioner's appeal on the ground that he had failed to meet the burden of establishing that his deportation would result in extreme hardship within the meaning of the statute.

Accordingly, the petition of Yeung Ying Cheung to determine that the decision of the Board of Immigration Appeals of November 22, 1967 was in error; that the petitioner is entitled to suspension of his deportation and that the Immigration and Naturalization Service should be restrained from deporting him from the United States, will be dismissed.

---

9. Llacer v. Immigration & Naturalization Service, 388 F.2d 681 (9 Cir. 1968).