**Cecelia PELAEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 74–3197.**

United States Court of Appeals,
Fifth Circuit.

May 22, 1975.

Rehearing Denied June 9, 1975.

David A. Kattan, New Orleans, La., for petitioner.

William B. Saxbe, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Ger-

ald J. Gallinghouse, U. S. Atty., New Orleans, La., Troy A. Adams, Jr., Dist. Director, Immigration & Naturalization Service, New Orleans, La., Chester J. Halicki, John L. Murphy, Government Reg. Section Criminal Division, Washington, D. C., for respondent.

Before GIBSON *, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Petitioner Cecelia Pelaez, a 36-year-old native and citizen of the Philippines, seeks review of the decision of the Board of Immigration Appeals dated July 24, 1974, which affirmed the denial by the immigration judge of the suspension of her deportation.

Petitioner entered the United States on November 11, 1964 as a nonimmigrant visitor for business. Her status was later changed to a nonimmigrant student which authorized her to remain here until November 17, 1968. She was ordered deported in May 1969 but two private bills pending, introduced in Congress on her behalf, continued her stay. When the bills failed of passage, she filed this application for suspension of deportation under 8 U.S.C. § 1254(a)(1).

8 U.S.C. § 1254(a)(1) reads as follows:

(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—

(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period

he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence; or

. . . . .

The immigration judge found that petitioner had satisfied the first two requisites of the subsection pertaining to physical presence in the United States for seven years, and that she was of good moral character, but had not shown that her deportation would result in extreme hardship, and thus had failed to establish the statutory conditions precedent to the Attorney General's exercise of discretionary relief. Kimm v. Rosenberg, 363 U.S. 405, 80 S.Ct. 1139, 4 L.Ed.2d 1299 (1960); United States v. Shaughnessy, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652 (1957); 2 Gordon and Rosenfield, Immigration Law and Procedure § 7.9e (1972).

Petitioner is not married and has no family ties in the United States but has three brothers living in the Philippines, two of whom are tenant farmers and one of whom is unemployed. Though educated in this country as a computer programmer, she works as a governess earning $135 per week and holds property, cash and stock worth approximately $3,000.

She claims extreme hardship will result from deportation primarily because of the difficulty of obtaining employment and the lower standard of living in the Philippines. Additional factors urged are the impossibility of obtaining a return visa, the inability to continue the support of her brothers and the disruption of the way of life to which she has become accustomed.

Economic hardship has consistently been rejected as sufficient to compel a finding of extreme hardship. Nishikage v. Immigration and Naturalization

* Of the Eighth Circuit, sitting by designation.

Service, 9 Cir., 1971, 443 F.2d 904; Fong Choi Yu v. Immigration and Naturalization Service, 9 Cir., 1971, 439 F.2d 719; Yeung Ying Cheung v. Immigration and Naturalization Serv., 3 Cir., 1970, 422 F.2d 43, 46–47; Kasravi v. Immigration and Naturalization Service, 9 Cir., 1968, 400 F.2d 675, 676. Petitioner, who has the burden of establishing the statutory prerequisites, has failed to carry this burden. Considering all these factors, the immigration judge found that Pelaez failed to prove extreme hardship. We agree with this finding for the reasons stated by the judge.[1]

 Finally, Pelaez asserts that 8 U.S.C. § 1254(a)(1) is unconstitutional on its face and as applied because it discriminates against aliens without family ties in the United States.[2] She contends that an alien with family here can base suspension of deportation on his family's hardship but an alien without family is limited to personal hardship. We find no merit in this contention. Congress has plenary power in the immigration area, particularly in determining which aliens will be admitted and the period they shall remain. Harisiades v. Shaughnessy, 342 U.S. 580, 588–591, 72 S.Ct. 512, 519–520, 96 L.Ed. 586 (1952); Torao Takahashi v. Fish and Game Commission, 334 U.S. 410, 419, 68 S.Ct. 1138, 1142, 92 L.Ed. 1478 (1948); United States v. Shaughnessy, 2 Cir., 1950, 180 F.2d 489, 490. Additionally, the statutory history of Section 1254(a) discloses that the suspension provision was originally enacted in 1940 solely to deal with hardships to the alien's family in the United States which would result from deportation. Eight years later, Congress extended the suspension process to aliens who could show extreme hardship when they had no family ties in this country. Act of July 1, 1948, 62 Stat. 1206; see 2 Gordon and Rosenfield, Immigration Law and Procedure § 7.9a (1972). Congress' extension of the Act to include aliens, such as Pelaez, negates any claims of discrimination.[3]

The decision of the Board of Immigration Appeals is

Affirmed.

1. In his written decision, the immigration judge held, in pertinent part, as follows:

The sole question remaining is whether deportation would result in extreme hardship to her (8 CFR 242.17(d)). Respondent has not been married. She has no family ties in the United States. Her sole living relatives, three brothers, live in the Philippines. Respondent asserts extreme hardship would ensue to her if required to leave this country because of difficulty in obtaining employment in the Philippines. She has been trained to be a programmer as a result of her schooling in the United States. She has not obtained employment in this field because permanent residence is a prerequisite. However, in the Philippines, respondent alleges, it will be impossible to obtain such employment because one "needs someone in the government to get a good job." Further, the salary of a governess in the Philippines is too small to consider such a position. Lastly, she asserts that her brothers lease farmland and are all poor and could not help her financially.

Concededly the respondent's deportation from the United States would result in economic detriment to her. However, under the circumstances present in this case economic detriment in and of itself does not amount to "extreme hardship". See Matter of Sang-

ster, 11 I&N Dec. 309. Other than respondent's self serving statement there is no evidence present in the record showing that the respondent could not obtain suitable employment in the Philippines.

2. Pelaez also contends that application of the protected status doctrine results in unconstitutional discrimination against her. Since the consideration of her protected status was not necessary to the Board's denial of suspension, we need not consider this claim.

3. Pelaez finds error in the immigration judge's statement that even if petitioner had established statutory eligibility, he would refuse to grant suspension of deportation as a matter of discretion because of the congressional policy statements disfavoring suspension of aliens who remained here in a protected status, i. e., student. The Ninth Circuit in Asimakopoulos v. Immigration and Naturalization Serv., 9 Cir., 1971, 445 F.2d 1362 and Chan v. Rosenberg, 9 Cir., 1971, 445 F.2d 1399, recently overturned the Board's ruling denying suspension based on use of protected status doctrine. In both of these cases statutory eligibility had been established; thus they are not applicable in the instant case. Our decision in this case, however, is not based on this point, but on the failure of petitioner to establish extreme hardship.