## MATTER OF GIBSON

### In Deportation Proceedings

### A–18423427

*Decided by Board December 14, 1976*

(1) Respondent, who seeks suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, entered the United States as a nonimmigrant student and has been in this country for nine years. He has completed five semesters of college, has no specialized training, and has been employed as a janitor or custodian. He is unmarried and has no relatives in the United States.

(2) Notwithstanding the fact that respondent meets the physical presence and good moral character requirements of the statute, his application for suspension of deportation will be denied because economic detriment which may result from deportation does not meet the test of extreme hardship within the contemplation of section 244(a)(1) of the Act.

(3) In order to insure fair and complete consideration of the proceedings before the Board it is necessary that copies of all briefs, memoranda and representations filed in connection therewith shall have been served on the parties, and the record shall show the date of service. The immigration judge is primarily responsible for the physical aspects of the record in cases under his jurisdiction which come before the Board, and the District Director is similarly responsible for the physical record in cases under his jurisdiction which come before the Board.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—remained longer than permitted.

ON BEHALF OF RESPONDENT:
Gordon G. Dale, Esquire
1815 North Broadway
Santa Ana, California 92706

ON BEHALF OF SERVICE:
William B. Odencrantz
Trial Attorney

BY: Milhollan, Chairman, Wilson, Torrington, Maniatis, and Appleman, Board Members

This is an appeal from an order of an immigration judge on May 14, 1976, finding the respondent, age 32, deportable and granting his application for the privilege of voluntary departure, with an alternate order of deportation to Great Britain. The immigration judge denied the respondent's application for suspension of deportation, pursuant to the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended. The appeal will be dismissed.

The record fails to show that a copy of an undated Service memorandum in support of the decision of the immigration judge was served upon counsel for respondent. An informal check by this office on October 20, 1976, revealed that the memorandum was received by counsel approximately two months after the August 9, 1976, deadline for filing a reply brief, and also after the scheduled date for oral argument. Since ample time has elapsed for the respondent to answer and no additional time has been requested, the case is now ripe for decision.

In order to insure fair and complete consideration of the proceedings before this Board, it is necessary that copies of all briefs, memoranda, and representations filed in connection therewith (see 8 C.F.R. 3.3(c)) shall have been served on opposing parties, and that the record show the date of service. We hold the immigration judge primarily responsible for the physical aspects of the record before us in matters under his jurisdiction, including all material pertaining to the organization and completeness of the record under 8 C.F.R. 242.15, such as an accurate transcript of hearings; orderly inclusion of exhibits and trial briefs; his signed separate opinion; the appeal notice, with attachments; copies of relevant procedural communications between immigration judge, respondent, and Immigration and Naturalization Service; and all appeal briefs with proof of timely service. Failure to insure that the record contains proof of service can result in delay and inconvenience, or, more importantly, a deprivation of due process and a possible miscarriage of justice if inadvertently overlooked (cf. 8 C.F.R. 242.17(c)).

In those matters within 8 C.F.R. 3.1(b) not under the jurisdiction of an immigration judge, it is the District Director who is primarily responsible for the record, including proof of service and memoranda addressed to this Board which can in any way influence our decision, with the exception of classified material which must be handled in accordance with outstanding instructions (see 8 C.F.R. 103.2(b)(2)).

Our review of the record, including briefs submitted by both parties, satisfies us that the hearing was fair, that deportability has been established by clear, convincing and unequivocal evidence, and that the immigration judge properly applied the pertinent legal principles. In considering the suspension application, he found that the respondent has the necessary continuous physical presence in the United States and has been a person of good moral character during the past seven years. He further found, however, that any economic detriment deportation may cause the respondent would not meet the test of extreme hardship, within the contemplation of the statute, citing *Matter of Sangster*, 11 I. & N. Dec. 309 (BIA 1965); *Matter of Uy*, 11 I. & N. Dec. 159 (BIA 1965).

The respondent came to the United States as a nonimmigrant student and has now resided here for nine years. During that period of time, he has completed only five semesters of college and has no specialized field

(Tr. p. 10). His application for suspension of deportation reflects that he has been employed mostly as a janitor and custodian. As of May 13, 1976, his savings account with the Bank of America showed a balance of $2,652. The unmarried respondent, who has no relatives in this country, is still a young man and should have no difficulty obtaining some type of suitable employment if deported. While he obviously has become accustomed to the American way of life, the difference in economic standards which exists between the United States and other countries cannot be held to command the favorable exercise of discretion. See *Yeung Ying Cheung* v. *INS*, 422 F.2d 43 (3 Cir. 1970). We conclude that the immigration judge's reliance upon our decisions in *Matter of Sangster, supra,* and *Matter of Uy, supra,* was correct. The respondent has not established that deportation would cause him extreme hardship and he is not eligible for suspension of deportation. See *Matter of Marquez,* Interim Decision 2352 (BIA 1975); cf. *Matter of Kim,* Interim Decision 2318 (BIA 1974). Accordingly, the decision of the immigration judge will be affirmed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.