Amelia O. BONSUKAN, Petitioner, Appellant,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE and Patrick F. Coomey, District Director, INS, Boston, Massachusetts, Respondents, Appellees.

No. 76–1474.

United States Court of Appeals, First Circuit.

Argued March 7, 1977.

Decided April 25, 1977.

As Modified May 18, 1977.

Basil S. Yanakakis, Boston, Mass., on brief for petitioner, appellant.

Rex L. Young, Atty., Dept. of Justice, Washington, D. C., with whom Philip Wilens, Chief, Government Regulations and Labor Section, Crim. Div., and James P. Morris, Atty., Dept. of Justice, Washington, D. C., were on brief, for respondents, appellees.

Before MOORE,* ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is a petition, pursuant to 8 U.S.C. § 1105a, to review a decision of the Board of Immigration Appeals denying petitioner's motion to reopen proceedings which had resulted in an order of deportation. Petitioner, a Philippine national, entered the country in 1968 as a nonimmigrant exchange visitor, 8 U.S.C. § 1101(a)(15)(J), authorized to remain for two years. She stayed beyond that time, but respondents did not press her, apparently because an application for a sixth preference visa, 8 U.S.C. § 1153(a)(6), was approved and she was waiting for a visa number. Thereafter, in 1974, it came to respondents' attention that petitioner was no longer employed by the hospital which had filed her sixth preference petition,[1] and deportation proceedings were initiated.

Petitioner attended the deportation hearing, with counsel, but obtained a three weeks continuance for consultation. On the date that had been set petitioner reappeared, but without counsel, stating that she had been unable to locate him. She was offered a further continuance, but, after an off-the-record consultation with someone (other than the immigration judge) she said she would proceed without counsel. At the hearing she then conceded her deportability, and waived appeal. Pausing here, if this was, in fact, an overconcession, it seems extraordinary that in the three weeks continuance granted for conferring with counsel he had left her with the opinion that she had no defense.

■ Until by reply brief in this court counsel never explained his absence from the hearing. Even if, as now contended on a petition to this court for modification of our opinion, he did inform her, and requested her to inform the immigration judge, she did not do so, though given the opportunity. It was improper procedure, particularly where counsel had obtained one continuance to a date certain, merely to tell his client to appear at the hearing and request another, especially, as is now suggested, she had inadequate command of English. In any event, his excuse cannot justify the present contention that this irretrievably lost petitioner her right of appeal, which, in turn, lost her her right to review in this court the correctness of the immigration judge's initial order of deportation. *Chung Chaw Wa v. INS,* 1 Cir., 1969, 407 F.2d 854, *cf. Rosa v. INS,* 1 Cir., 1971, 440 F.2d 100; *Gena v. INS,* 5 Cir., 1970, 424 F.2d 227. Rather than seeking, at an early opportunity, to right whatever wrong his client could be thought to have suffered because of his absence from the hearing, counsel waited five months and then filed a motion for reconsideration that contained no mention of what is now argued to be an unconstitutional denial of counsel, and an "improperly held hearing." Quite apart from the fact that petitioner appears to be an intelligent woman, who freely refused

---

* Of the Second Circuit, sitting by designation.

1. Petitioner had changed jobs, and another sixth preference petition was filed on her behalf by her new employer, which, under the regulations, 8 C.F.R. § 204.6, lost her her place in line and required her to begin anew to wait for a visa number.

an offer for a further continuance, to claim now that she was prejudiced by lack of counsel is altogether too late.[2]

 Our review, accordingly, is limited to the question whether to deny the petition to reopen and grant a suspension of deportation pursuant to 8 U.S.C. § 1254, was an abuse of discretion. The Board of Immigration Appeals ruled that petitioner had not made a sufficient showing of "extreme hardship," 8 U.S.C. § 1254(a)(1), and, in any event, was ineligible for suspension because she entered the country as an exchange visitor, 8 U.S.C. § 1254(f). We find no abuse on either score. The ruling on hardship was well within the Board's discretion. *Pelaez v. INS,* 5 Cir., 1975, 513 F.2d 303, *cert. denied,* 423 U.S. 892, 96 S.Ct. 190, 36 L.Ed.2d 124; *Kasravi v. INS,* 9 Cir., 1968, 400 F.2d 675. Petitioner's claim that the granting of her sixth preference petition "took her out of the exchange visitor status," and hence removed the bar of section 1254(f), is offered without any support in the statute, regulations, or cases.[3] Nor do we find any abuse in the Board's failure to credit petitioner's claim that she would be subject to political persecution if deported to the Philippines. Petitioner offered no support for this claim in the proceedings below. Her counsel now seeks to excuse this failure with the observation that "the threat of political persecution is difficult to prove," and attempts to establish the case by submission of an affidavit in this court. It is elementary that this attempt comes too late, *see* 8 U.S.C. § 1105a(a)(4), even were we impressed by the showing, which we are not.

**2.** Counsel says in his extensive brief that he raised this, and the political matter, post, in his brief before the Board of Immigration Appeals on the appeal from the denial of reconsideration. Even if true, it is elemental that such matters, particularly factual matters, should have been made before the immigration judge, and could not be raised for the first time on appeal.

**3.** We need not decide whether, under the 1970 amendment to 8 U.S.C. § 1182(e), petitioner is subject to the two year foreign residence re-

This is a wholly meritless petition, and it is only with reluctance that we do not assess respondents' attorney's fees as costs, *NLRB v. Smith & Wesson,* 1 Cir., 1970, 424 F.2d 1072, and charge them to petitioner's counsel personally, 28 U.S.C. § 1927.

*Petition dismissed.*

quirement before she can obtain a visa, a matter which counsel sought to raise for the first time at oral argument, since section 1254(f) explicitly bars the remedy of suspension of deportation to any exchange visitor. Even if petitioner is not subject to the two year requirement, we could not consider it an abuse for respondents to decline, in their discretion, to allow petitioner to remain in the United States while awaiting a visa. *Bowes v. INS,* 9 Cir., 1971, 443 F.2d 30; *United States ex rel. Fen v. Esperdy,* 2 Cir., 1970, 423 F.2d 6.