**Mavis Malvina VAUGHN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 80–1552.**

United States Court of Appeals, First Circuit.

Argued Feb. 5, 1981.

Decided March 11, 1981.

**36**

· Jose M. Gonzalez Cintron, Rio Piedras, P. R., for petitioner.

Eric A. Fisher, Atty., Criminal Division, Dept. of Justice, Washington, D. C., with whom James P. Morris, Atty., General Litigation and Legal Advice Section, Criminal

Division, Dept. of Justice, Washington, D. C., was on brief, for respondent.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Mavis Malvina Vaughn petitions for review of a decision of the Board of Immigration Appeals (Board), upholding the immigration judge's denial of suspension of her deportation.

Vaughn is a citizen of St. Kitts, British West Indies, who last entered the United States on January 17, 1970 as a nonimmigrant visitor for pleasure with authority to remain until January 19, 1970. She is the mother of four children born in the United States, who are United States citizens. Vaughn has been receiving welfare and food stamp benefits since 1973, and at this time her full support is from public assistance.

On February 10, 1975, Vaughn received a grant of voluntary departure by March 10, 1975, but did not depart. On November 17, 1975, she was charged with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2), as a non-immigrant who had remained in the United States beyond the period of her authorized stay. Vaughn conceded deportability at a hearing before an immigration judge in December 1975, and was again granted the privilege of voluntary departure in lieu of deportation. Again, she failed to depart.

On February 8, 1977, Vaughn applied for suspension of deportation pursuant to section 244(a)(1) of the Act, 8 U.S.C. § 1254(a)(1), which provides for this discretionary remedy in the case of aliens of good moral character, continuously present in the United States for at least seven years immediately preceding the application, "whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States. . . ." An immigration judge reopened Vaughn's deportation proceedings

on March 30, 1977, and, on January 17, 1978, held a hearing concerning her application for suspension. That same day the judge issued a decision denying the application, on the ground that, while Vaughn had established the necessary period of continuous presence and good moral character, she had not demonstrated that she would suffer "extreme hardship" if deported.

On appeal, the Board reversed, finding that Vaughn's deportation would result in "extreme hardship" to her four citizen children who would be unable to remain in the United States without her and would thus "forfeit educational, cultural, and financial advantages" available to them here. The Board remanded to the immigration judge for a determination whether Vaughn's application merited a favorable exercise of discretion. On March 28, following another hearing, the immigration judge reaffirmed the original decision denying the application. The judge found that Vaughn's complete dependence on public assistance, her failure to seek work despite good health, and her repeated refusals to depart voluntarily when given the privilege to do so, militated against an exercise of discretion on her behalf.[1] The Board affirmed this decision on review, and on June 18, 1980, denied Vaughn's motion for reconsideration.

■ The sole issue on this appeal is whether the Board abused its discretion in denying petitioner's application for suspension of deportation. *See Bonsukan v. INS,* 554 F.2d 2, 4 (1st Cir.), *cert. denied,* 434 U.S. 833, 98 S.Ct. 118, 54 L.Ed.2d 93 (1977). While petitioner devotes most of her brief to an argument that "extreme hardship"

was shown, this fact was expressly found by the Board in its decision of November 22, 1978, and Vaughn's *eligibility* for relief under the statute is conceded. Nevertheless, even where an applicant meets all the requirements of section 244(a)(1), suspension of deportation may be denied in the exercise of discretion. *Fong Choi Yu v. INS,* 439 F.2d 719 (9th Cir. 1971) (per curiam); *Yeung Ying Cheung v. INS,* 422 F.2d 43, 46–47 (3d Cir. 1970) (per curiam). *See United States ex rel. Hintopoulos v. Shaughnessy,* 353 U.S. 72, 77, 77 S.Ct. 618, 621, 1 L.Ed.2d 652 (1957).

■ The gist of petitioner's argument seems to be that the Board abused its discretion by failing to give ample consideration to the hardship Vaughn's children will face if Vaughn is deported. This hardship is said to consist of 1) the children's loss of welfare benefits and educational opportunities, 2) potential language problems, in that two of the children speak primarily Spanish, and 3) possible aggravation of medical problems, particularly in the case of one child who suffers curvature of the spine. However, if any meaning is to be given the Board's *discretion* to deny suspension despite an applicant's eligibility under the statute, *see Urbano de Malaluan v. INS,* 577 F.2d 589, 593 (9th Cir. 1978), we cannot mandate that suspension be granted simply upon a showing of such hardship. Here, the Board found that an exercise of its discretion was not warranted, stressing in particular that Vaughn had chosen to rely on public assistance for her entire support although she is a relatively young woman in good health.[2] In addition, at least two oth-

---

1. The immigration judge also noted that Vaughn has a brother and sisters living in St. Kitts and has no relatives in the United States, although Vaughn testified these relatives would not help her take care of her children.

2. At the January 17, 1978 hearing before the immigration judge, Vaughn testified that she was working two days a week doing housework; she has ceased such employment, although her children (ages 5, 7, 13 and 14) are now older and all attend school. Vaughn contends that she is currently unable to work because of her children's medical problems. She testified that her children are sometimes sent

home from school sick and that one child has back problems that require an operation. Vaughn also submitted to the Board, in connection with her motion for reconsideration, medical certificates showing that one child was treated for an ear infection and has been diagnosed as having curvature of the spine, two others were treated (on one occasion each) for abdominal pains caused by parasites, and the fourth child was treated for a headache caused by an upper respiratory infection. This is hardly a conclusive demonstration that the children are so sick as to require Vaughn's constant

er factors weigh against Vaughn: 1) she satisfies the requirement of seven years presence only by virtue of her two separate abuses of the privilege of voluntary departure; and 2) her children, on whom she relies to establish hardship, were born while Vaughn was knowingly in the country illegally, *cf. Wang v. INS*, 622 F.2d 1341, 1346 (9th Cir. 1980) (en banc), *rev'd on other grounds, INS v. Wang*, —— U.S. ——, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981); *Banks v. INS*, 594 F.2d 760, 762 (9th Cir. 1975). In the circumstances of this case, the Board did not abuse its discretion in denying suspension of deportation. *See INS v. Wang*, —— U.S. ——, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981).

*Petition denied.*

attention. The Board did not abuse its discretion in holding that the submission of these medical records was an insufficient ground for reconsideration of its earlier decision.