**Jose Luis LOPEZ–RAYAS, et al., Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 85–4732.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1987.

Rehearing Denied Oct. 9, 1987.*

---

* See 828 F.2d 1134.

Jose Luis Lopez-Rayas, pro se.

David H. Lambert, Dist. Director, I.N.S., New Orleans, La., William J. Chambers, Dist. Director, I.N.S., Dallas, Tex., for other interested parties.

Edwin Meese, III, Atty. Gen., U.S. Dept. of Justice, Robert L. Bombough, Office of Immigration Lit., Civ. Div., Madelyn E. Johnson, Allen W. Hausman, Asst. Director, Richard M. Evans, Morris H. Deutsch, Lauri Steven Filppu, Marshall Tamor Goldin, Washington, D.C., for respondent.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

On Petition for Rehearing

PER CURIAM:

The issue presented by this appeal is whether the Board of Immigration Appeals (BIA) abused its discretion in failing to find that the deportation of an alien husband and wife, who have two minor children who are citizens of the United States, and the deportation of their three other children who are not citizens, would occasion them extreme hardship. In a panel opinion rendered on April 10, 1986, 787 F.2d 587, we reversed the judgment of the Board, finding that it had not made a meaningful consideration of the cumulative impact of the various hardships that deportation would inflict on this family. The INS filed a petition for rehearing, and we stayed further proceedings pending this court's decision in *Hernandez-Cordero v. INS.*[1] Bound by that decision, we grant the petition for rehearing, reverse our prior opinion, and affirm the judgment of the BIA.

## I.

The facts, as described in our prior opinion, are as follows: Jose Luis Lopez-Rayas, age 37, and his wife, Maria R. Rangel-Puente de Lopez, age 36, are natives and citizens of Mexico. Three of their children, Jose Luis Jr., age 17, Rogelio, age 15, and

---

1. 819 F.2d 558 (5th Cir.1987) (en banc).

Hector, age 14, are also natives and citizens of Mexico. In addition, the Lopezes have two children who are native-born United States citizens, Sandra, age 11, and Ricardo, age 10. The Lopezes have resided in or near Dallas, Texas continuously since 1973. Lopez is subject to deportation because he entered the United States without inspection.[2] Mrs. Lopez and the Mexican-citizen children may be deported because, although they obtained visitors' permits upon entry, they did not depart when the permits expired.[3]

## II.

■ The Attorney General has discretion to suspend the deportation of an alien pursuant to section 244(a)(1) of the Immigration and Nationality Act[4] if the alien has (1) been physically present in the United States for a continuous period of at least seven years immediately preceding the application; (2) established his good moral character; and (3) shown that deportation would result in extreme hardship to himself or to a citizen or lawful permanent resident spouse, parent, or child.

■ This court held in *Hernandez-Cordero* that our power to review Board findings of statutory ineligibility for suspension of deportation is "exceedingly narrow".[5] "[W]e are entitled to find that the BIA abused its discretion only in a case where the hardship is uniquely extreme, at or closely approaching the outer limits of the most severe hardship the aliens could suffer and so severe that any reasonable person would necessarily conclude that the hardship is extreme."[6] The burden is on the alien who seeks a suspension of deportation to establish his eligibility.[7]

■ Applying this standard, we are required to affirm the Board's substantive determination of no "extreme hardship." As this court said in *Hernandez-Cordero:*

> The question in this case is not whether the Hernandezes are honest, dependable, hardworking members of society. They clearly are. Any of us would be happy to see them gain citizenship. But Congress in its wisdom has determined that this is not enough to avoid deportation under 8 U.S.C. § 1254(a)(1). To be eligible for this discretionary relief, aliens with the highest character and strictest work ethic must also establish that they will "in the opinion of the Attorney General" suffer "extreme hardship" if deported. Thus the only issue in this case is whether the record demonstrates that the BIA, as the Attorney General's delegate, abused its discretion in finding that the Hernandezes will not suffer "extreme hardship" if deported to Mexico. The record in this case simply does not reveal such an abuse of discretion. Indeed, we would expect any hardworking aliens who are deported to an economically deprived country after enjoying a high standard of living in this country for seven years to suffer hardship similar to that demonstrated by the Hernandezes. In short, we see no unique hardship or unusually severe hardship that the Hernandezes will suffer if they are deported to Mexico that approaches the level of hardship required to compel a finding of "extreme hardship" by the BIA.[8]

The members of this panel adhere to their dissent from the *Hernandez-Cordero* opinion but they agree that it constitutes the law of the circuit.

## III.

In *Hernandez-Cordero,* the *en banc* court also reaffirmed that our procedural

2. *See* 8 U.S.C. § 1251(a)(2) (1982).

3. *Id.*

4. 8 U.S.C. § 1254(a)(1) (1982).

5. *Hernandez-Cordero v. INS,* 819 F.2d 558, 562 (5th Cir.1987) (en banc).

6. *Id.* at 562–63.

7. *Gomez-Martinez v. INS,* 593 F.2d 10 (5th Cir.) (per curiam), *cert. denied,* 444 U.S. 941, 100 S.Ct. 295, 62 L.Ed.2d 307 (1979); *Pelaez v. INS,* 513 F.2d 303, 305 (5th Cir.), *cert. denied,* 423 U.S. 892, 96 S.Ct. 190, 46 L.Ed.2d 124 (1975).

8. *Hernandez-Cordero,* 563–64.

review of no "extreme hardship" determinations is limited to ascertaining whether the BIA has given *"any* consideration" to the relevant hardship factors, "both individually and collectively."[9] The panel in this case had reversed the determination of the BIA, holding that it had failed to make a meaningful consideration of the cumulative impact of the hardships that deportation would inflict on the Lopezes. However, because the BIA did at least make a statement indicating that it had considered all the hardship factors both individually and cumulatively, the decision in *Hernandez-Cordero* requires us to affirm the BIA determination and, therefore, to reverse our panel opinion.

### IV.

We have afforded the Lopezes an opportunity to show that they have applied for temporary residence under the Immigration Reform and Control Act of 1986.[10] They have failed to do so. Accordingly, we reverse our prior decision and AFFIRM the order of the BIA.

---

**9.** *Id.* at 563 (emphasis in original).

**10.** Pub.L. No. 99–603, § 201, 100 Stat. 3359, 3394 (to be codified at 8 U.S.C. § 1255a).