HUN CHAK SUN, also known as
Jack Sun, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 23658.

United States Court of Appeals
Ninth Circuit.

Aug. 27, 1969.

Joseph Hertogs (argued), of Jackson &
Hertogs, San Francisco, Cal., for peti-
tioner.

David R. Urdan (argued), Asst. U. S.
Atty., Cecil F. Poole, U. S. Atty., Stephen
M. Suffin, INS, San Francisco, Cal.,
John N. Mitchell, Atty. Gen. of U. S.,
Washington, D. C., for respondent.

Before MADDEN, Judge of the United
States Court of Claims, and ELY and
CARTER, Circuit Judges.

ELY, Circuit Judge:

The petitioner vigorously challenges a
final administrative order of the re-
spondent, denying his application for ad-
justment of status to that of a lawful
permanent resident of the United States.
Section 245 of the Immigration and Na-
tionality Act ("the Act") (8 U.S.C.
§ 1255).

The petitioner, a citizen of the Repub-
lic of China, entered this Country on
August 18, 1956. His wife and two chil-
dren remained in Taiwan. His original
entry had been gained by reason of his
status as a non-immigrant employee of
his own government. When that status
terminated, he was directed to return to
his Country and was granted time, until
April 7, 1963, within which to do so. He
failed to depart, whereupon there issued
an Order to Show Cause in deportation
proceedings. The alien conceded deport-
ability at the hearing and applied for
status as a permanent resident under
section 245. The Special Inquiry Officer
denied the application, the Board of
Immigration Appeals ("the Board") af-

firmed the denial on April 24, 1964, and a deportation warrant was issued on the following June 6th. Three days later, the petitioner moved the Board to reopen the proceedings so that he might apply for relief under section 243(h) of the Act (8 U.S.C. § 1253(h)) on the ground that he, if deported, would be subjected to persecution. The motion was denied. Thereafter, on April 30, 1966, the petitioner moved to reopen the proceedings for the purpose of applying for suspension of deportation under section 244(a) (1) of the Act (8 U.S.C. § 1254(a) (1)) and for temporary withholding of deportation under section 243(h) of the Act (8 U.S.C. § 1253(h), *as amended* (8 U.S.C. § 1253(h) (Supp. I, 1965)). The Board granted petitioner's request that there be oral argument, and after hearing the same, the Board, on October 26, 1966, denied this motion. On July 10, 1967, the petitioner married an American citizen, and in the following November filed a motion to reopen the proceedings to apply for relief under section 245. The motion was granted, and a hearing was conducted on March 13, 1968. After the hearing, the Special Inquiry Officer denied the application, and the Board of Immigration Appeals dismissed the appeal. The Petition for Review was then filed in our court. We mention, in passing, that a part of the petitioner's success in so long resisting the Government's efforts is attributable to a succession of Congressional bills introduced for his private relief.

Only two contentions are here presented: (1) That the Board of Immigration Appeals abused its discretion in denying the relief sought under section 245; (2) That the petitioner's due process rights were infringed by the Board's denial, on October 26, 1966, of the motion to reopen the proceedings to permit the petitioner to seek suspension of deportation under section 244(a) (1).

Petitioner's counsel has ably presented the contentions, both in writing and in oral argument, but we must reject them. As to the second contention, the Board, although denying the motion to reopen the proceedings, heard the argument of petitioner's counsel and, as indicated by its decision and order, carefully considered the contentions made by the petitioner in writing and certain affidavits which were submitted in connection therewith. Whether to grant reopening rests within the sound discretion of the Board. Greene v. I & NS, 313 F.2d 148 (9th Cir.), cert. denied, 374 U.S. 828, 83 S.Ct. 1869, 10 L.Ed.2d 1052 (1963). On the record before us we cannot see that this discretion was abused. To the contrary, it is our opinion that the Board has, through all the years, considered the petitioner's claims with the utmost fairness.

For even more solid reasons, the petitioner's first contention is without merit. In reviewing the denial of relief under section 245, we cannot overturn a determination adverse to an alien unless we can say that the Board has abused its discretion, operating capriciously, arbitrarily, or with manifest unfairness. Cubillos-Gonzalez v. I & NS, 352 F.2d 782 (9th Cir. 1965); Cabrera v. I & NS, 415 F.2d 1096 (9th Cir. Aug. 19, 1969). We need not review all of the facts which are disclosed in the record and all of the considerations which doubtless led to the denial of the section 245 application. Suffice it to say that they afford such justification for the challenged decision that it would be highly improper for us to hold that the broad discretion vested in the Board has been abused.

Affirmed.