Udell Lambert DAVIDSON, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 76–2951.

United States Court of Appeals,
Ninth Circuit.

Aug. 11, 1977.

Jack T. Price, Los Angeles, Cal., for appellant (petitioner).

Brian H. Simpson, Trial Atty., Immigration & Naturalization Service, San Francisco, Cal., William T. Keller, U. S. Atty., Los Angeles, Cal., Bernard S. Karmiol, Regional Counsel, Immigration & Naturalization Service, San Pedro, Cal., Richard L. Thornburgh, Asst. Atty. Gen., Crim. Div., Administrative Div., Washington, D. C., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., Bernard J. Hornbach, District Director, Los Angeles, Cal., for appellee (respondent).

Before BROWNING, KILKENNY and TRASK, Circuit Judges.

Petitioner appeals from an order of the Board of Immigration Appeals which affirmed the decision of the immigration judge denying petitioner's application for suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1).[1] Under the terms of section 1254(a)(1), the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence where the alien can prove (1) that he has been physically present in the United States for a continuous period of not less than seven years prior to his application, (2) that he is a person of good moral character, and (3) that deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien, or his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. Only the existence of "extreme hardship" is an issue in the present case.

Petitioner claims that deportation would impose extreme hardship on him and his citizen children because they would be deported to Belize, British Honduras, a city and country with a lower standard of living than the United States. Petitioner also contends that deportation of him and his wife would constitute *de facto* deportation of his citizen children and that such deportation of these children is impermissible under the Fourteenth Amendment.

■■■ This court's review is limited to the question of whether the Board has

1. 8 U.S.C. § 1254(a)(1) provides:

"(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—

"(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence; . . . ."

abused its discretion. *Hun Chak Sun v. Immigration and Naturalization Service*, 415 F.2d 791, 792 (9th Cir. 1969), *cert. denied*, 397 U.S. 908, 90 S.Ct. 905, 25 L.Ed.2d 89 (1970). We have previously held that economic disadvantage alone does not constitute extreme hardship. *Kasravi v. Immigration and Naturalization Service*, 400 F.2d 675, 676 (9th Cir. 1968). We have also held that an alien illegally present in the United States cannot gain a favored status merely by the birth of his citizen child. *Lee v. Immigration and Naturalization Service*, 550 F.2d 554, 555–56 (9th Cir. 1977).

The order of the Board is therefore AFFIRMED.