**Salvador ZAVALA, Plaintiff,**

v.

**Griffin B. BELL, Attorney General, David Ilchert, as the District Director of the Immigration and Naturalization Service of San Francisco, Defendants; and related actions.**

Civ. Nos. C–77–2883–RHS, C–78–0014–RHS, C–78–0041–RHS, C–78–0172–RHS and C–78–0173–RHS.

United States District Court,
N. D. California.

June 16, 1978.

J. Hector Moreno, San Jose, Cal., for plaintiffs.

George Christopher Stoll, Asst. U. S. Atty., Dept. of Justice, San Francisco, Cal., for defendants.

SCHNACKE, District Judge.

Plaintiffs in these five actions all admit in their complaints that they have illegally entered the United States and therefore that they may be liable to deportation or exclusion from the United States. Plaintiffs allege that they are the parents of children who were born in the United States and who therefore are U. S. citizens. Plaintiffs allege that they have been living and working in the United States for at least several years and that they have paid appropriate taxes. They further allege that they have not collected welfare benefits or violated American laws.

Based on these allegations, plaintiffs contend that they are entitled to a declaration from this Court relieving them from the threat of deportation. Five legal theories are advanced in support of that contention.

1. Plaintiffs argue that the deportation or exclusion of illegal alien parents results in the "de facto deportation" of their children. That argument has been explicitly rejected by the United States Court of Appeals for the Ninth Circuit in three 1977 decisions. *Mamanee v. INS,* 566 F.2d 1103, 1105–1106; *Lee v. INS,* 550 F.2d 554, 555–556; *Davidson v. INS,* 558 F.2d 1361, 1363. The Court held in *Lee* that when alien parents are illegally within the United States, they cannot use the citizenship of their child to prevent the parents' own deportation. Plaintiffs in each of these cases are attempting precisely what the Court of Appeals held they cannot do. There is accordingly no merit to their argument.

2. Plaintiffs argue that their prospective deportation would violate the Eighth Amendment bar to cruel and unusual punishments. It has been held that the Eighth Amendment is inapplicable to deportation because it is a civil proceeding [*Chabolla-Delgado v. INS,* 384 F.2d 360 (9th Cir. 1967)].

3. Plaintiffs also argue that Congressional intent in enacting the immigration laws was to maintain united families and that their deportation would cause a sepa-

ration of their families. It is incorrect to substitute a generalized expression of Congressional intent for the clear language of the immigration statutes. Congress, in providing for deportation or exclusion of illegal aliens, has manifested a specific intent that those who do not comply with the immigration laws should be compelled to leave.

4. Plaintiffs argue that due process or equal protection interests may be implicated by their deportation. Plaintiffs do not allege that they are now under orders of deportation but merely allege that they are illegally present and therefore run the risk of eventually being subjected to deportation procedures. This Court cannot assume that the Immigration and Naturalization Service of the United States Department of Justice will not accord plaintiffs the procedural protections to which they are entitled.

5. Plaintiffs' final argument is based on the pendency of a legislative proposal by President Carter which would allow illegal aliens who have lived in the United States for a certain period of time to legally remain in the country. That proposal is not yet the law. Therefore it confers no protection or immunity from the provisions of the existing immigration law.

Having examined and found wanting all the legal contentions of plaintiffs, this Court concludes that the complaints in all of the actions fail to state claims for relief and must be dismissed, pursuant to F.R. Civ.P., Rule 12(b)(6).