**Eleonore Rotraut BANKS, Petitioner-Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.**

**No. 78–1582.**

United States Court of Appeals, Ninth Circuit.

April 4, 1979.

---

Joan E. Hansen, Seattle, Wash., for petitioner-appellant.

Philip Wilens, Chief, Washington, D. C., for respondent-appellee.

Before GOODWIN and ANDERSON, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Petitioner, Eleonore Rotraut Banks (Banks), appeals from an order of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision by an immigration judge denying her application for suspension of deportation. The immigration judge found that Banks had satisfied two of the statutory requirements (good moral character and physical presence), but found her ineligible under the statute because she had failed to establish extreme hardship either to herself or to her citizen child. 8 U.S.C. § 1254(a)(1). This court has jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1105a.

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

Banks, accompanied by her then twelve-year old son Hans, entered this country as a nonimmigrant visitor in 1968. Shortly thereafter, she married an American citizen, and in 1969 gave birth to a daughter, Diana.

Deportation proceedings were initiated against Banks in 1971, at which time she requested a hearing and applied to have her status adjusted to that of a permanent resident alien. After the hearing, the immigration judge found her to be deportable. Banks' appeal to the BIA was dismissed in 1973.

In 1975, Banks petitioned to have her deportation proceedings reopened and to be allowed to apply for suspension of deportation under 8 U.S.C. § 1254(a)(1). The proceedings were reopened and a hearing was held before an immigration judge.[1] After two hearings,[2] the immigration judge denied Banks' application for suspension of deportation. The BIA affirmed, concluding that Banks had failed to satisfy the extreme hardship requirement of 8 U.S.C. § 1254(a)(1).

The sole question on appeal is whether the immigration judge and the BIA abused their discretion in finding that Banks had not established extreme hardship. Banks' allegation of hardship is based on claims of adjustment difficulties for her citizen child, financial hardship, and separation of family. After reviewing the record, we find no abuse of discretion and affirm the order of the Board.

██ In reviewing the finding that Banks has failed to establish extreme hardship, this court may overturn the administrative determination only if we find that there has been an abuse of discretion. *Davidson v.*

*INS,* 558 F.2d 1361, 1362–1363 (9th Cir. 1977); *Lee v. INS,* 550 F.2d 554, 555 (9th Cir. 1977). This type of discretionary determination is not bound by hard and fast rules; each case must be decided on its own facts. *Santos v. INS,* 375 F.2d 262, 264–265 (9th Cir. 1967); and *see e. g., Oi Lan Lee v. District Director,* 573 F.2d 592, 595 (9th Cir. 1978); 2 C. Gordon and H. Rosenfield, *Immigration Law and Procedure,* § 7.9d(5), 7–108–7–109.

██ Banks contends that deportation would work an extreme hardship on her citizen daughter Diana who would return to Germany with her. Diana apparently has a hearing problem.[3] And, it is also claimed that transferring to a German school would be difficult since Diana only speaks English. As the immigration judge indicated, medical facilities in Germany are excellent, and any hearing problem could be corrected there as easily as in this country. While changing schools and the language of instruction will admittedly be difficult, Banks herself admitted that Diana would be able to learn the German language. The possibility of inconvenience to the citizen child is not itself sufficient to constitute extreme hardship under the statute. *Lee, supra,* 550 F.2d at 556. We believe that this case falls within the general rule which does not allow an alien, illegally within this country, to gain a favored status on the coattails of his (or her) child who happens to have been born in this country. *Rubio de Cachu v. INS,* 568 F.2d 625, 627 (9th Cir. 1977); *Davidson, supra,* 558 F.2d at 1363; *Lee, supra,* 550 F.2d at 555–556. In view of the relative ease by which aliens may enter this country and produce citizen children, this rule is necessary to preserve the limitations imposed by Congress on immigration. *Lee, supra,* 550 F.2d at 556.

---

1. We note at the outset that this case is distinguishable from *Urbano de Malaluan v. INS,* 577 F.2d 589 (9th Cir. 1978), where the petitioner was denied a hearing on her petition to reopen the deportation proceedings. In the present case, Banks' petition to reopen her deportation hearings was granted. It is the adverse ruling from that hearing which we review.

2. The original hearing was conducted in November of 1975. Following the submission of

an investigation report containing derogatory information, a second hearing was held a year later, at which time Banks was allowed to rebut the allegations made against her.

3. In his opinion the immigration judge said that Banks had offered no evidence as to the extent of the hearing loss or that it could not be corrected elsewhere.

The immigration judge noted that Banks' marriage had previously (in the proceedings begun in 1971) been found insufficient to support her application for adjustment of status to permanent resident alien. At the time of the present proceedings, Banks had been separated from her husband for at least the last four or five years, and his whereabouts were unknown to her. The immigration judge further found that separation from her son Hans would not support Banks' claim of hardship. Hans is over twenty-one years of age, and he has applied for adjustment of his status so that he can remain in this country. The record indicated that Hans had difficulty living with his mother in the past. The separation of a mother from a grown son who elects to live in another country, or a wife from a husband who has not been seen in several years, is not the type of extreme hardship contemplated by the statute.[4]

Additionally, Banks would not suffer any economic hardship because of the deportation. Her possessions consist solely of personal property, either easily transferred or liquidated. In this country she has been employed as a waitress and bartender. At the time of the hearing, she was unemployed and receiving unemployment compensation. Prior to leaving Germany, Banks apparently held more responsible positions in the management side of the hotel and restaurant business. She also testified that she would be able to find employment upon returning to Germany.

We conclude that the immigration judge and the BIA did not abuse their discretion in finding that Banks had failed to prove that deportation would cause extreme hardship under 8 U.S.C. § 1254(a)(1). The order appealed from is AFFIRMED.

---

4. Banks makes no claims about hardship being caused by separation from any other family members or friends.