**JONG SHIK CHOE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 78–1390.

United States Court of Appeals, Ninth Circuit.

April 4, 1979.

Before CARTER and WRIGHT, Circuit Judges, and SOLOMON, District Judge.*

PER CURIAM.

Choe petitions for review of the denial of his motion to reopen his deportation proceedings. He contends that he should have been granted an evidentiary hearing on his application for suspension of deportation. We affirm the denial of his motion.

Choe, a native and citizen of Korea, entered the United States legally as a nonimmigrant student. He was authorized to remain here until April 16, 1974 but stayed longer than permitted. A deportation hearing was held and he was found deportable but granted voluntary departure on or before December 20, 1974.

On October 10, 1975 he filed his first motion to reopen his deportation proceedings and an application for suspension of deportation under § 244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a). He had just completed the required seven-year period of continuous presence in the United States and alleged extreme hardship to himself because of the loss of the retail business in which he had invested in 1973. The motion was denied, and the petition for review was dismissed because it was not timely filed.

* Senior District Judge, District of Oregon.

On August 8, 1977 Choe filed his second motion to reopen, incorporating his original application and also alleging extreme hardship to his citizen child who was born June 6, 1977. The Board of Immigration Appeals (the Board) found that, despite the birth of the child, Choe still had failed to make a prima facie showing of eligibility for suspension and denied his motion.

To be eligible for suspension of deportation an alien must prove: (1) continuous physical presence in the United States for the immediately preceding seven years; (2) good moral character; and (3) extreme hardship to himself or to his spouse, parent, or child, who is a United States citizen or a lawful permanent resident. 8 U.S.C. § 1254(a)(1).

When an application for suspension of deportation establishes a prima facie case of eligibility, it is an abuse of discretion to deny a motion to reopen deportation proceedings. *Urbano de Malaluan v. INS*, 577 F.2d 589, 592 (9th Cir. 1978). The only issue is whether Choe made a prima facie showing of extreme hardship.

Choe alleges economic hardship to himself and to his child. Hardship to citizen children must be considered by the Board in ruling on applications for suspension of deportation, but an alien cannot gain favored status merely by the birth of a child. *Id.* at 594; *Lee v. INS*, 550 F.2d 554, 555 (9th Cir. 1977).

The facts here are more similar to those in *Lee, id.* at 555, where this court affirmed the denial of a motion to reopen, than to those in *Urbano de Malaluan*, 577 F.2d at 595 n. 5, where this court reversed the denial of a motion to reopen. As was true of Lee, Choe's only citizen child is not yet of school age, and Choe has no other close familial ties with citizens or lawful permanent residents of this country. Urbano de Malaluan, on the other hand, had two citizen children, one of school age, and several close relatives, including her husband, who were either citizens or lawful permanent residents.

Because the Choe child is so young and because there are no other relatives in the United States, the hardship of uprooting and adapting to a new environment is not as great here as in *Urbano de Malaluan*. Choe has failed to establish a prima facie showing of hardship to the citizen child.

Economic loss alone is insufficient to sustain a finding of extreme hardship but may be considered in conjunction with other factors in determining whether a prima facie showing has been made. *Urbano de Malaluan v. INS*, 577 F.2d at 594; *Lee v. INS*, 550 F.2d at 555; *Kasravi v. INS*, 400 F.2d 675, 676 (9th Cir. 1968).

Choe's loss of his business, even when combined with whatever hardship his child might suffer from Choe's deportation, fails to demonstrate prima facie eligibility for suspension of deportation. Moreover, he has cited no decision where the Board has granted the requested relief in similar circumstances.

We are satisfied that the Board adequately considered Choe's allegations of hardship before denying the motion to reopen. The decision of the Board of Immigration Appeals is affirmed.

AFFIRMED.