Joyce D. BRATHWAITE, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 313, Docket 80-4125.

United States Court of Appeals, Second Circuit.

Argued Oct. 10, 1980.

Decided Nov. 12, 1980.

Richard J. Madison, New York City (Kaiser & Madison, P. C., Eunice Becker, New York City, of counsel), for petitioner.

Robert S. Groban, Jr., Sp. Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty. for the Southern District of New York, Peter C. Salerno, Asst. U. S. Atty., New York City, of counsel), for respondent.

---

Before FEINBERG, Chief Judge, VAN GRAAFEILAND, Circuit Judge, and HOLDEN, District Judge.*

FEINBERG, Chief Judge:

Joyce Brathwaite petitions for review of a decision and order of the Board of Immigration Appeals, based upon the findings of an immigration judge, denying her application for suspension of deportation under section 244 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1254.[1]

Concededly deportable for remaining in the United States after the expiration of her nonimmigrant visa in April 1971, petitioner based her application for relief on the asserted "extreme hardship" that deportation to her native St. Vincent would visit upon her and her United States citizen child, born in New York in 1972. After a hearing at which petitioner was represented by counsel, the immigration judge concluded that petitioner had failed to establish that either she or her son would suffer anything more than "ordinary" hardship, and therefore held that petitioner did not meet the statutory requirements for suspension of deportation. The immigration judge also expressed doubt that petitioner would have merited a favorable exercise of discretion to grant the relief sought even if she had satisfied the "extreme hardship" requirement, though the judge did not decide the question. Nonetheless, the judge did grant petitioner the opportunity of voluntary departure, as provided by 8 U.S.C. § 1254(e).

Brathwaite appealed to the Board of Immigration Appeals, which upheld the findings of the immigration judge, concluding that Brathwaite "ha[d] been granted the only form of relief available to her in the circumstances of this case."

■ We are not insensitive to the difficulties that petitioner may face, but we find no reversible error in the Board's decision. Petitioner bore the burden of showing that she met all of the statutory requirements for eligibility for relief under section 244, including "extreme hardship" to herself or her son. See 8 C.F.R. § 242.17(d) (1980); *Tovar v. INS*, 612 F.2d 794, 796 (3d Cir. 1980). In seeking to meet this burden, petitioner testified before the immigration judge and submitted a psychologist's report concerning her son; in addition, the judge conducted a telephonic interview with the psychologist during the course of the hearing. There was no testimony from the child or from the father, who, though separated from petitioner since 1977, reportedly maintained weekly contact with the child and provided support money of $35 per week.

Construed in petitioner's favor, the evidence presented at the hearing suggested that the child, who had already begun school, was shy and withdrawn; that he remained attached to his father;[2] and that he had developed close relations with other members of the extended family in which he lived. All of this indicates that the child will suffer some dislocation and disruption

* Hon. James S. Holden, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

1. The statute provides in relevant part:
   (a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—
   (1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence; . . . .

2. On this point, however, there was some dispute. Petitioner testified that the son was "crazy" about his father, but the psychologist, when questioned by the immigration judge, characterized the son's relations with his father as "cursory," stating that he "wouldn't think" the child would suffer any severe trauma as a result of separation.

if he accompanies his mother to St. Vincent; indeed, it seems likely that he may experience more than the "normal melancholy" incident to a family separation that we found insufficient to establish "extreme hardship" in *Chiaramonte v. INS*, 626 F.2d 1093, 1101 (2d Cir. 1980). However, the judge did not find credible the psychologist's assertion that the child would be emotionally harmed by departure from his New York home.[3] Moreover, there was no evidence that the son would be unable to adjust to new surroundings in St. Vincent, or that moving there would expose him to oppressive social or cultural conditions, substantial deprivation, or risks to his physical or mental health.[4] While there are undoubtedly significant cultural and other differences between New York and St. Vincent, petitioner has presented no evidence that these differences necessarily entail "extreme hardship." Cf. *Wang v. INS*, 622 F.2d 1341 (9th Cir. 1980) (en banc) (noting potential hardship to children of Korean descent who speak no Korean); *Banks v. INS*, 594 F.2d 760 (9th Cir. 1979) (finding no extreme hardship in deporting mother with 12–year–old daughter to West Germany, when mother testifies that daughter can learn German and that she herself can obtain employment). See also *Barrera–Leyva v. INS*, 637 F.2d 640, 644 (9th Cir. 1980) ("[T]he degree of adjustment necessary [to affect the hardship determi-

nation] must be greater than that required of the ordinary alien who is deported.").

We note that there is some uncertainty as to the proper standard of judicial review for determinations of eligibility for suspension of deportation. Section 244 sets three largely factual prerequisites for eligibility: seven years physical presence in the country, good moral character, and extreme hardship to the applicant or his United States citizen spouse, parent, or child. See note 1 supra. The extreme hardship element, however, calls for a finding "in the opinion of the Attorney General," suggesting that a degree of discretion may be reserved in evaluating hardship claims. We have on occasion accepted the argument that all three of these findings are subject to review on the basis of substantial evidence, see *Wong Wing Hang v. INS*, 360 F.2d 715, 717 (2d Cir. 1966).[5] This view corresponds with the standard of judicial review set out in the Immigration and Nationality Act itself, which provides that "the Attorney General's findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive." 8 U.S.C. § 1105a(a)(4). See also *Bastidas v. INS*, 609 F.2d 101, 103–04 (3d Cir. 1979).

On other occasions, however, we have regarded the determination whether extreme hardship exists as a matter within the dis-

---

**3.** The judge expressed more general doubts about the psychologist's credibility as well, saying that he was "not convinced that his testimony is other than an accommodation for the respondent and procured for that express purpose." Nonetheless, in reaching his decision the judge accepted the psychologist's report as given.

**4.** The fact that petitioner's son is of school age is of course an important consideration in ascertaining the hardship he faces, see, e. g., *Choe v. INS*, 597 F.2d 168, 170 (9th Cir. 1979), but it is not dispositive. It is relevant here that the son's move to St. Vincent would presumably entail transfer to another English–language school system. Petitioner has not shown that such a transfer would subject the son to serious handicaps.

**5.** Similarly, we have applied a substantial evidence test to "opinions" of the Attorney General in cases involving the withholding of depor-

tation under section 243(h) of the Act, 8 U.S.C. § 1253(h), permitting such relief when an alien, in the opinion of the Attorney General, faces a threat of persecution if deported to his native land. See, e. g., *United States ex rel. Kordic v. Esperdy*, 386 F.2d 232, 238–39 (2d Cir. 1967), cert. denied, 392 U.S. 935, 88 S.Ct. 2301, 20 L.Ed.2d 1393 (1968); *Zamora v. INS*, 534 F.2d 1055, 1060 (2d Cir. 1976); cf. *Hamad v. United States INS*, 420 F.2d 645, 646–47 (D.C. Cir. 1969).

The Refugee Act of 1980, Pub.L.No. 96–212, 94 Stat. 102, made several critical changes in section 243(h). In particular, it made the withholding of deportation mandatory when an alien meets the specified conditions, and it eliminated the "opinion" element in the determination of eligibility. See generally Note, The Right of Asylum Under United States Law, 80 Colum.L.Rev. 1124 (1980).

cretion of the Attorney General, and therefore subject to a more limited standard of review. See *United States v. Chiaramonte*, supra, 626 F.2d at 1101, relying on the Ninth Circuit's decision in *United States v. Banks*, supra. Cf. *United States ex rel. Dolenz v. Shaughnessy*, 206 F.2d 392, 394–95 (2d Cir. 1953) (interpreting § 243(h) of the Act, see note 5 supra). In *Foti v. INS*, 375 U.S. 217, 228 n.15, 84 S.Ct. 306, 313, 11 L.Ed.2d 281, the Supreme Court recognized that there was an issue as to the proper standard of review, but did not decide it.

Similarly, we do not find it necessary in this case to decide which standard of review is proper, and would be reluctant to do so on the record before us, since both parties appear to have assumed that the Board's determination was to be reviewed as a matter of discretion only. We conclude that petitioner must fail regardless of the applicable standard: the Board's finding that petitioner had not shown "extreme hardship" is supported by reasonable, substantial, and probative evidence, and in any event reflects no abuse of discretion.

Accordingly, we must deny the petition for review. We reject the government's contention that our decision in *Ballenilla–Gonzalez v. INS*, 546 F.2d 515, 521 (2d Cir. 1976), cert. denied, 434 U.S. 819, 98 S.Ct. 58, 54 L.Ed.2d 75 (1977), mandates the forfeiture of a grant of voluntary departure in this case. Petitioner's failure to file a timely motion for extension of time to depart, in accordance with 8 C.F.R. § 244.2 (1980), can be remedied by the filing of a motion to reinstate the grant. On this record, we see no reason why such a motion should be denied.

The petition for review is denied.