**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ADEOLU ALABA ONASANYA,
Petitioner,

v.

No. 95-2943

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-381-712)

Submitted: March 31, 1997

Decided: April 21, 1997

Before HAMILTON and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Bromberg, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, Ellen Sue Shapiro, Senior Liti-
gation Counsel, Papu Sandhu, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Adeolu Alaba Onasanya, a native and citizen of Nigeria, petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation and denying his request for suspension of deportation. This court previously granted Petitioner's motion to submit the case for decision on the briefs without oral argument. Upon consideration of the briefs and the administrative record, we deny the petition.

Onasanya, who overstayed a tourist visa in 1986, first challenges the immigration judge's (IJ) finding that his asylum claim lacked credibility because he only applied for asylum after the Immigration and Naturalization Service placed him in deportation proceedings. Onasanya asserts that this finding was erroneous and was not adequately addressed by the Board. Where, as here, the Board chooses to rely on the express reasoning of the IJ in a short per curiam opinion, that reasoning is the sole basis for our review and will be reversed if inadequate. Gandarillas-Zambrana v. Board of Immigration Appeals, 44 F.3d 1251 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3203, 64 U.S.L.W. 3239 (U.S. Oct. 2, 1995) (No. 94-1720).

In its opinion, the Board agreed that Onasanya may indeed have applied for asylum before he was placed in deportation proceedings. However, the Board found that although the IJ may have been mistaken about that detail, the Board agreed with the IJ's analysis concluding that Onasanya failed to establish a valid asylum claim. Because the Board agreed with Onasanya on this point, and because it cited alternative grounds for the claim's failure, the IJ's error, if any, does not provide a basis for relief.

Onasanya also challenges the IJ's finding that Onasanya lacked credibility due to the evasive manner in which he testified about his

2

activities leading student demonstrations and the alleged "silencing" of his brother. Because these claims were not raised before the Board, we find that Onasanya has waived them. Gandarillas-Zambrana, 44 F.3d at 1255; Farrokhi v. INS, 900 F.2d 697, 700-01 (4th Cir. 1990).

Onasanya next contends that the IJ erred in finding that he never experienced political difficulties in Nigeria and that the Board overlooked the evidence he presented of such difficulties when it evaluated his asylum claim. The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

We must uphold the determination that Onasanya is not eligible for asylum if the finding is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994).

Our review reveals substantial evidence to support the IJ's finding, adopted by the Board, that Onasanya failed to provide the specific, concrete facts required to satisfy the objective element of a well-founded fear of persecution under the Act. Huaman-Cornelio, 979 F.2d at 999. At the hearing, Onasanya expressed fear that he would be arrested and "dealt with" by the current government because he provided "reports" to officials of the former government about mili-

3

tary men who are now in power. As the IJ observed, however, there is no evidence in the record that any member of the present regime was the subject of the alleged reports to the previous government.

Moreover, while Onasanya cites two incidents of difficulties he experienced in Nigeria, neither provides the requisite objective basis for fear of persecution. As noted by the IJ, Onasanya lived for almost a year unmolested under the government he opposed, the Babangida military regime. When he chose to leave the country, he had no difficulty obtaining a passport and leaving. In addition, he provides no concrete information concerning how his service as a paramilitary official in the War Against Indiscipline, in which his only specified duty included organizing bus stops, would subject him to retaliation by the current authorities. While it is true that the IJ noted that Onasanya did not experience difficulties in Nigeria, this observation was made in the context of an analysis of the evidence in the record. It is clear that the IJ intended to state that there was no evidence of difficulties supporting an asylum claim, as it is evident that he carefully considered the evidence in detail before arriving at his decision. Accordingly, Onasanya's contention that the IJ and Board overlooked evidence which qualified him for asylum is without merit.

Finally, Onasanya challenges the denial of suspension of deportation. To qualify for the relief of suspension of deportation, an applicant must prove that he has been physically present in the United States for not less than seven years immediately preceding the date of application, is a person of good moral character, and is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien, or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C.A. § 1254(a)(1) (West 1970 & Supp. 1997). The IJ found that Onasanya failed to demonstrate that his deportation would result in extreme hardship.

Onasanya maintains that the IJ failed to consider the report prepared by a social worker, at his request, which stated that his young United States citizen children would suffer extreme hardship if he were deported to Nigeria. We review for abuse of discretion the denial of suspension of deportation for lack of extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir. 1995).

4

Our review of the record discloses that the IJ explicitly admitted the social worker's report into evidence at the hearing and gave lengthy consideration in his opinion to the effect of Onasanya's deportation on the children. While the IJ did not refer specifically to the report in his opinion, he amply addressed issues concerning the children which were highlighted in the report. He observed that the children are in good health and noted that their adjustment to life in Nigeria would be less burdensome because of their tender years. See Brathwaite v. INS, 633 F.2d 657, 659 (2d Cir. 1980). Moreover, he noted that were the children to remain in the United States with their mother, there was no evidence that the hardship they would suffer would be more than the normal hardship expected due to separation from a family member. See Chiaramonte v. INS, 626 F.2d 1093, 1101 (2d Cir. 1980). Finally, the IJ observed that Onasanya is a well-educated, healthy individual with a college education, and he also considered the political climate in Nigeria and how it would affect the family. In light of the considerable attention focused on this issue in the IJ's opinion, we find Onasanya's last contention to be without merit.*

We deny the petition for review and deny Onasanya's motion to place this matter in abeyance as moot.

<u>PETITION DENIED</u>

_____
*Because we find that the IJ adequately considered the hardship to the children, we need not address the Service's later submission of supplemental authority contending that Onasanya did not qualify for suspension of deportation on other grounds.

5