NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 31 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JORGE GONZALEZ-REYNOZO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3315

Agency No.
A203-714-760

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 31, 2025[**]
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Jorge Gonzalez-Reynozo, a native and citizen of Mexico, petitions for review of the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Where, as here, the Board of Immigration Appeals (BIA) expresses agreement with the reasoning of the immigration judge (IJ), we review both decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). The agency's determination of "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) is reviewed for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002–03 (9th Cir. 2025). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Substantial evidence supports the agency's determination that Gonzalez-Reynozo's removal would not result in "exceptional and extremely unusual hardship" to his two U.S.-citizen children. The IJ appropriately determined that neither of Gonzalez-Reynozo's U.S.-citizen children appears to have a serious medical issue or special needs in school. *See Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) ("With regard to hardship to a child, petitioners generally must demonstrate that they have a 'qualifying child with very serious health issues, or compelling special needs in school.'" (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (B.I.A. 2001))). Further, Gonzalez-Reynozo testified that his children would remain in the United States if he were removed, and the record does not otherwise suggest that his removal would deprive the children of access to the therapy they were receiving, healthcare,

or educational opportunities. Lastly, the agency appropriately determined that the evidence of resulting emotional and economic hardship to his children is not "substantially beyond that which ordinarily would be expected to result from the alien's deportation." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 59); *Ramirez-Durazo v. INS*, 794 F.2d 491, 498 (9th Cir. 1986) ("Economic disadvantage alone does not constitute 'extreme hardship.'" (quoting *Davidson v. INS*, 558 F.2d 1361, 1363 (9th Cir. 1977))). Because the record evidence does not compel a contrary conclusion, the agency's hardship determination must be upheld. *Duran-Rodriguez*, 918 F.3d at 1028.

**PETITION DENIED**.