**KWANG SHICK MYUNG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 15409.**

United States Court of Appeals
Seventh Circuit.

Nov. 2, 1966.

Melvyn E. Stein, Raymond F. Zvetina, Zvetina & Zvetina, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., John Peter Lulinski, William J. Hurley, Asst. U. S. Attys., of counsel, for respondent.

Before MAJOR, Senior Circuit Judge, and KNOCH and FAIRCHILD, Circuit Judges.

PER CURIAM.

Petitioner seeks review of an order of deportation, denying his application for suspension of deportation under 8 U.S.C.A. sec. 1254(a) (1).

The critical issue is whether deportation of petitioner would cause him "extreme hardship." Petitioner argues that the inquiry officer applied an improper standard in finding that it would not.

Petitioner is 26 years old. He came to the United States from Korea at age 18, after completing high school. He attended college here, studying political science, and received a degree. He has attended

law school and is employed by a patent law firm. His family, consisting of his mother, three brothers, and a sister live in Korea. Although he believes the only employment he could secure in Korea would be in his brother's fishing business, one brother is a newspaper editor and the other a publisher. He testified that he would be unable to read intellectual writing in Korean because Chinese characters are used. These forms are taught at college level, and petitioner had his college work in the United States.

Petitioner testified: "I am tóo much Americanized at this moment to return to Korea and struggle for my living."

The inquiry officer was convinced that petitioner's life in Korea would be different from that in the United States, and that he would not be able to obtain employment comparable to that in the United States, but concluded that "these facts alone do not constitute extreme hardship."

We cannot conclude that the hearing officer applied an improper standard, nor that the finding was arbitrary, or an abuse of discretion.

The order is

Affirmed.