**Behzad KASRAVI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 21966.**

United States Court of Appeals
Ninth Circuit.

July 23, 1968.

Behzad Kasravi (argued), Los Angeles, Cal., in pro. per.

William P. Lamb (argued), Asst. U. S. Atty., William M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., Joseph Sureck, Regional Counsel, Immigration & Naturalization Service, San Pedro, Cal., Steve Suffin, Atty., Immigration & Naturalization Service, San Francisco, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and CURTIS, District Judge.

CURTIS, District Judge:

This is an appeal from a decision of the Immigration and Naturalization Board of Appeals. Jurisdiction is based upon Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a).

Behzad Kasravi is a citizen of Iran. He entered this country on a student visa in 1954 and has remained in the United States continually with the exception of a one day excursion to Tijuana, Mexico. He ceased being a student in 1959 and has been employed at various jobs since that time. He has been in this country unlawfully since 1961, and his deportability is conceded.

At the deportation proceedings held before a special inquiry officer, Kasravi made a number of requests for discretionary relief. Those relevant here were for suspension of deportation as authorized by § 244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a) and withholding of deportation as authorized by § 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h).

The special inquiry officer denied the application for suspension of deportation on the ground that Kasravi was "not statutorily eligible for that relief since he has failed to establish that he would suffer extreme hardship if required to depart from the United States." [R. 28]

The special inquiry officer similarly denied the petitioner's request for withholding of deportation, finding that he was "not statutorily eligible for relief under Section 243(h) * * *." [R. 36]

The decisions of the special inquiry officer were appealed to the Board of Immigration Appeals. There, both findings of ineligibility were affirmed. [R. 4, 7] The petitioner has brought an appeal here.

Petitioner is a 38 year old male. He is single and has no strong family ties in the United States. He has attended college here in the United States where he majored in cinema, although he did not obtain a degree. He has worked as a film editor, a free lance photographer, an employee in a photo lab, and as a bank teller. He is intelligent and healthy. He has offered testimony that for various reasons he would not be able to obtain work in the film industry or a related area in Iran. Even if this is accepted as true, it shows no more than economic disadvantage. It is not claimed that the petitioner would be unable to obtain any employment. Economic detriment alone is not enough to qualify for relief under § 244(a). Kwang Shick Myung v. Immigration and Naturalization Service, 368 F.2d 330 (7th Cir. 1966); see also, Auerbach, Immigration Laws of the United States, 1964 Supp. p. 132 (2d Ed. 1961). This part of the Board's decision is, therefore, affirmed.

Petitioner contends that the special inquiry officer erred in finding that he was not "statutorily eligible" for relief under § 243(h). In support of this contention he has offered in evidence a large volume of printed material tending to show that the Shah of Iran is a dictator, that there exists in the country of Iran a secret police organization unrestrained by judicial powers in suppressing undesirable ideas and those who express them, that torture and arbitrary punishment are not unheard of, that those who oppose the Shah's regime may be dealt with summarily, that he, the petitioner, has been vociferous and vehement in his criticism of the Shah here in the United States, and that his very vocal and active opposition to the Shah has been made known to the Shah or other Iranian officials by virtue of the publicity he has received. Kasravi maintains that if he is returned to Iran, he will be subject to persecution, imprisonment and possibly death for his opposition to the Shah.

His position is strongly supported by two expert witnesses, each of whom have impressive qualifications.

The only evidence offered in opposition to Kasravi's petition is rather a perfunctory letter written by a State Department official concluding generally

that an Iranian student would not in all likelihood be persecuted for activities in the United States. Not only does this letter lack persuasiveness, but the competency of State Department letters in matters of this kind is highly questionable.[1]

 By finding that the petitioner is not "statutory eligible" for relief it might appear that the special inquiry officer was making a finding of fact based upon an evaluation of the record before him. If such a finding of fact were required by the statute, the decision of the Attorney General would be subject to review in order to determine whether such finding were supported by reasonable, substantial and probative evidence. Title 8 U.S.C. § 1105a(a) (4). However, Congress has made it abundantly clear by the express wording of the statute[2] that no such finding is contemplated or required. It left to the broad discretion of the Attorney General the authority to suspend deportation in such cases and the questions of both eligibility and merit (if there be a difference) are part and parcel of this administrative determination. The scope of our review, therefore, does not permit this Court to substitute its opinion for that of the Attorney General.[3]

This position was first taken by this Court in Namkung v. Boyd, 226 F.2d 385 at 388 (9th Cir. 1955) in which this Court adopted the rule laid down in United States ex rel. Dolenz v. Shaughnessy, 206 F.2d 392 at 394 (2nd Cir. 1953), wherein that Court said:

"That section [Title 8 U.S.C.A. § 1253(h) quoted above in part] modified the language of the former statute in a manner which shows clearly, we think, that the withholding of deportation in cases where the alien fears persecution rests wholly in the administrative judgment and 'opinion' of the Attorney General or his delegate. The courts may not substitute their judgment for his. Doubtless a court might intervene to stay deportation, if the Attorney General or his delegate should deny the alien any opportunity to present evidence on the subject of persecution or should refuse to consider the evidence presented by the alien. But we see nothing in the statute to suggest that the courts may insist that the Attorney General's opinion be based solely on evidence which is disclosed to the alien. In his official capacity the Attorney General has access to confidential information derived from the State Department or other intelligence services of the Government which may be of great assistance to him in making his decision as to the likelihood of physical persecution of the alien in the country to which he is to be deported. We believe Congress intended

1. Such letters from the State Department do not carry the guarantees of reliability which the law demands of admissible evidence. A frank, but official, discussion of the political shortcomings of a friendly nation is not always compatible with the high duty to maintain advantageous diplomatic relations with nations. throughout the world. The traditional foundation required of expert testimony is lacking; nor can official position be said to supply an acceptable substitute. No hearing officer or court has the means to know the diplomatic necessities of the moment, in the light of which the statements must be weighed.

2. Title 8 U.S.C. § 1253(h). "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in *which*

*in his opinion* the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time *as he deems to be necessary* for such reason." (Emphasis added)

3. This is not to say, however, that such opinions of the Attorney General are completely beyond review. A court may surely intervene where there is an abuse of discretion, lack of procedural due *process or where a finding required by* the statute is unsupported by reasonable, substantial or probative evidence. Foti v. Immigration and Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed. 2d 281 (1963); Wong Wing Hang v. Immigration and Naturalization Service, 360 F.2d 715 (2nd Cir. 1966).

the Attorney General to use whatever information he has. * * * Moreover, the very nature of the decision he must make concerning what the foreign country is likely to do is a political issue into which the courts should not intrude."

This Court has recently reaffirmed its adherence to this rule in Hosseinmardi v. Immigration and Naturalization Service, (March 22, 1968) 405 F.2d 25 (9th Cir.) and Asghari v. Immigration and Naturalization Service, (May 28, 1968) 396 F.2d 391 (9th Cir.).

The Board's order is, therefore, affirmed.