MATTER OF LAM

In Deportation Proceedings

A–15639821

*Decided by Board March 23, 1972*

Apart from an alien's failure to establish *prima facie* the extreme hardship required to qualify for suspension of deportation, where, as in the instant case, he managed to stave off deportation and accrue the minimum statutory period of physical presence only by resort to dilatory procedures (including a petition for review denied for lack of prosecution), in the absence of compelling circumstances to counterbalance such an adverse factor denial of his motion to reopen to apply for suspension of deportation is warranted purely as a matter of discretion.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—nonimmigrant, not in possession of valid nonimmigrant visa or border crossing identification card and not exempted from the possession thereof, as described in section 212(a)(26) [8 U.S.C. 1182(a)(26)].

ON BEHALF OF RESPONDENT:  
Samuel D. Myers, Esquire  
134 North La Salle Street, Suite 1616  
Chicago, Illinois 60602

ON BEHALF OF SERVICE:  
Olga M. Springer  
Trial Attorney  
(Brief filed)

In a decision dated April 10, 1968, a special inquiry officer found the respondent deportable on the charge in the order to show cause and on the lodged charge, granted him voluntary departure and ordered deportation if he should fail to depart. The Board dismissed his appeal on June 5, 1968. Respondent's motion to reopen to apply for adjustment of status under section 245 of the Immigration and Nationality Act was denied by the Board on July 23, 1968. A petition for review was filed in the United States Court of Appeals for the Seventh Circuit and was dismissed on January 30, 1969 for want of prosecution. On August 26, 1970, the Board denied the respondent's motion to reopen the deportation proceed-

ing so that an application for suspension might be filed under section 244(a)(1) of the Act.

Another petition for review was filed in the United States Court of Appeals for the Seventh Circuit, largely challenging the merits of the April 10, 1968 determination of deportability. In dismissing the petition for review on October 7, 1971, the court held that review of the merits of the April 10, 1968 order is barred by the lapse of time; and that the Board's action on August 26, 1970 denying the motion to reopen was discretionary. The court found no abuse of discretion. This matter is now before us again on motion to reopen to permit the respondent to apply for suspension of deportation. The present motion will be denied.

To be eligible for suspension of deportation under section 244(a)(1) of the Act, the respondent must establish: (1) physical presence in the United States for a continuous period of not less than seven years preceding the date of application; (2) good moral character during all such period; and (3) extreme hardship to the alien or other specified family members which would result from the alien's deportation. The regulations require that a motion to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material.

In support of the claim of hardship made in this motion, respondent submitted an affidavit which states a number of conclusions, none of which is supported by evidence or states the facts upon which it is based. The affidavit states that he would be unable to support himself in Hong Kong; that he would be unable to obtain a job; that he might starve to death; that he fears the communists in Hong Kong; and that he would become physically and emotionally ill if he had to leave the United States. All statements are conclusions, purely conjectural and not supported by any facts or evidence. In substance, what respondent alleges is tantamount to economic hardship if he is returned to Hong Kong. Economic detriment without more, however, is not enough to establish the hardship contemplated to qualify for the relief of suspension of deportation, *Nasravi* v. *INS*, 400 F.2d 675 (9 Cir., 1968); *Kwang Shick Myung* v. *INS*, 368 F.2d 330 (7 Cir., 1966).

Respondent contends that a denial of this motion would be a denial of due process, a prejudgment without a complete hearing depriving the respondent of a chance to be heard, and would make the respondent suffer from the possible omissions of prior counsel. These contentions ignore the sequence of events which have transpired since April 10, 1968, when he was found deportable and granted the privilege of voluntary departure. The evidence in the record establishes that the respondent has not been denied due

process, that he has had ample opportunity to present his case before administrative and judicial tribunals, and that he has in fact taken advantage of these opportunities. The motion and affidavit presented do not state new facts which would establish, *prima facie*, the extreme hardship required to make respondent eligible for suspension of deportation under section 244(a)(1) of the Act. Respondent has not met the clear requirements for reopening set forth in the regulations. Reopening is not to be had for the mere asking. Due process does not require reopening for a plenary hearing when a *prima facie* case of eligibility for the relief sought has not been established.

Moreover, quite apart from respondent's failure to make out a *prima facie* case, there is another compelling reason to deny the motion as a matter of discretion. Respondent entered without inspection on February 1, 1963. He has managed to eke out the minimum period of seven years' physical presence only by resorting to dilatory procedures. One flagrant example among many will suffice: On September 4, 1968, long before the seven-year period had accrued, he filed a petition for review under section 106(a) of the Act, challenging the deportation order then outstanding, *Cheuk Jor Lam* v. *INS*, C.A. 7, No. 17142. Pursuant to section 106 (a)(3) of the Act, deportation was automatically stayed. He failed to prosecute the action, and on January 30, 1969 the court dismissed it for lack of prosecution.

Where, as here, an alien manages to stave off deportation and accrue the minimum statutory period of physical presence only by resort to such obviously dilatory tactics, in the absence of other compelling circumstances sufficient to counterbalance such an adverse factor we are warranted in denying a motion to reopen purely as a matter of discretion.

**ORDER:** It is ordered that the motion be and the same is hereby denied.