Jamie GUEL–PERALES, Velia Ortega de Guel, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 73–2986.

United States Court of Appeals, Ninth Circuit.

June 24, 1975.

Gary H. Maulkin, Los Angeles, Cal., for petitioners.

William D. Keller, U. S. Atty., Los Angeles, Cal., Henry Petersen, Asst. Atty. Gen., Crim. Div., Dept. of Justice, Washington, D.C., Bernard Hornbach, Atty., Immigration and Naturalization Service, San Francisco, Cal., Joseph Sureck, Regional Atty., Immigration and Naturalization Service, Terminal Island, San Pedro, Cal., for respondent.

OPINION

Before DUNIWAY and GOODWIN, Circuit Judges, and SKOPIL,* District Judge.

DUNIWAY, Circuit Judge:

We withheld action on the INS' petition for rehearing pending the Supreme Court's decision in *Reid v. INS,* 420 U.S. 619, 95 S.Ct. 1164, 43 L.Ed.2d 501

* The Honorable Otto R. Skopil, United States District Judge for the District of Oregon, sitting by designation.

(1975). We grant the petition for rehearing, withdraw our previous memorandum, and affirm the decision of the Board of Immigration Appeals.

In the case at bar, the INS charged petitioners with being deportable under 8 U.S.C. § 1251(a)(1), on the ground that they were "excludable . . . at the time of . . . entry." It relied upon 8 U.S.C. § 1182(a)(20), which deals with and makes excludable immigrants "who at the time of application for admission [are] not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter . . . ." Petitioners entered this country by falsely claiming to be United States citizens.

*Reid, supra,* is similar to the case at bar, but differs in one important respect. There, the stated ground for deportation was 8 U.S.C. § 1251(a)(2), that petitioners "entered the United States without inspection." So far as we can tell, no underlying statute was relied on in *Reid.* In the case at bar, as in *Reid,* petitioners rely on the "fraud" exception provided for in 8 U.S.C. § 1251(f). Under our decision in *Lee Fook Chuey v. INS,* 9 Cir., 1970, 439 F.2d 244, petitioners, if they could prove the fraudulent representation as to citizenship, would have been entitled to relief under 8 U.S.C. § 1251(f). In *Reid,* however, the Court disagreed with *Lee Fook Chuey* and held that, under similar circumstances, the aliens did not come within § 1251(f). The essence of the *Reid* decision is that § 1251(f) "tracks the provisions of . . . 8 U.S.C. § 1182(a)(19), dealing with aliens who are *exludable,* . . . ." (420 U.S. at 622, 95 S.Ct. at 1167), and is applicable only when the ground of excludability is § 1182(a)(19).

It can be argued that because *Reid* also rests on the fact that deportability was charged under § 1251(a)(2), which does not specify excludability, while in the case at bar deportability is charged under § 1251(a)(1), which does deal with excludability, just as § 1251(f) does, *Reid* is not in point. Footnote 2 in the *Reid*

opinion points out that entry without inspection "is ground for deportation under [§ 1251(a)(2)], even though the alien was not excludable at the time of entry under [§ 1251(a)(1)]." And at 623, 95 S.Ct. 1164, the Court emphasizes the difference between excludability under § 1251(a)(1) and entry without inspection under § 1251(a)(2). Thus it can be claimed that *Reid* does not govern this case.

While the answer to this argument is far from clear, at least to us, our study of *Reid* leads us to the conclusion that *Reid* does govern this case. We note particularly, in addition to the language about tracking the provisions of § 1182(a)(19), quoted above, the statement at p. 630, 95. S.Ct. at p. 1171: "[W]e do not believe *Errico's [INS v. Errico,* 1966, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318] holding may properly be read to extend the waiver provisions of [§ 1251(f)] to any of the grounds of excludability specified in [§ 1182(a)] other than subsection 19." In the case at bar, it is subsection 20, not subsection 19, which is the basis for deportability.

Affirmed.