**Pedro TENORIO–MARTINEZ, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 75–2639.

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1976.

---

Milton T. Simmons (argued) of Phelan, Simmons & Ungar, San Francisco, Cal., for petitioner.

John Harris, Trial Atty. (argued), for Dept. of Justice, Washington, D. C., for respondent.

Before WRIGHT and ANDERSON, Circuit Judges, and WOLLENBERG,* Senior District Judge.

PER CURIAM:

Pedro Tenorio-Martinez petitions for review of decisions of the Immigration Judge and the Board of Immigration Appeals (Board) that he is a deportable alien under 8 U.S.C. § 1251(a)(1) and not entitled to relief under 8 U.S.C. § 1251(f). He also claims that the Board abused its discretion in denying his motion to reopen the deportation hearings so that he could apply for suspension of deportation under 8 U.S.C. § 1254(f).

Petitioner was found to have been deportable at the time of his entry into the United States in 1958. He was excludable under 8 U.S.C. § 1182(a)(19) for having procured his visa by fraud and under 8 U.S.C. § 1182(a)(20) for having entered the United States without a valid visa. At the deportation hearing he conceded deportabil-ity. In a sworn affidavit he admitted that he was married to a Mexican citizen at the time he entered into a bigamous marriage with a United States citizen and that he had reported his marital status falsely on his visa application.

During the course of the deportation proceedings, Martinez divorced his Mexican wife and married yet a third woman, an American citizen. He has had children by all three marriages.

Martinez claims that he is entitled to relief under 8 U.S.C. § 1251(f) because he was deportable under 8 U.S.C. § 1182(a)(19) as well as § 1182(a)(20). The "fraud" exception provided for in 8 U.S.C. § 1251(f) has been interpreted by the Supreme Court in *Reid v. INS,* 420 U.S. 619, 95 S.Ct. 1164, 43 L.Ed.2d 501 (1975) to be applicable when § 1182(a)(19) is the ground for excludability. In *Guel-Perales v. INS,* 519 F.2d 1372, 1373 (9th Cir. 1975), this court interpreted *Reid* to require that when § 1182(a)(20) (invalid visa) was the ground for deportability, § 1251(f) was inapplicable.

Martinez would distinguish his fact situation from *Reid* and *Guel-Perales* in that he was found excludable under both subsections (19) and (20). This issue should not yet be examined however, because the Board of Immigration Appeals failed to consider an alternate ground of deportability ruled on by the Immigration Judge.

The Immigration Judge found petitioner to be excludable under 8 U.S.C. § 1182(a)(11) because he was a bigamist at the time of his entry into the United States. If the Board of Immigration Appeals affirms this holding, petitioner will not be an alien "otherwise admissible" under 8 U.S.C. § 1251(f) and must be deported. We therefore remand this case to the Board of Immigration Appeals for consideration of this issue.

We do affirm, however, the Board's rejection of petitioner's motion to reopen the proceedings under § 1254(f). In

---

* Honorable Albert C. Wollenberg, Senior United States District Judge of the Northern District of California, sitting by designation.

reviewing motions to reopen, this court is limited to determining whether the INS abused its discretion. *Loza-Bedoya v. INS,* 410 F.2d 343, 346 (9th Cir. 1969). Where an alien fails to produce factual support sufficient to meet his burden of establishing prima facie eligibility for discretionary relief, this court has held that the INS has not abused its discretion. *Khalil v. INS,* 457 F.2d 1276, 1277 (9th Cir. 1972).

■ In this case, petitioner's motion to reopen consisted solely of one paragraph which did not contain even a suggestion of factual support for his claim of eligibility under § 1254(f). Petitioner failed to meet his burden and the INS did not abuse its discretion in denying his motion.

We therefore affirm in part and remand in part for further proceedings consistent with this opinion.