**Jamie Guel PERALES and Velia Ortega DeGuel, Petitioners,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 76–2890.**

United States Court of Appeals, Ninth Circuit.

June 2, 1978.

Raymond Compos (argued), Los Angeles, Cal., for petitioners.

Carolyn M. Reynolds, Asst. U. S. Atty. (argued), Los Angeles, Cal., for respondent.

Before CHOY and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.

PER CURIAM:

Petitioners are husband and wife, natives and citizens of Mexico, who were charged on June 18, 1970, with having entered into the United States in 1966 without appropriate entry documents.

Petitioners conceded deportability and on July 2, 1970, they were granted voluntary departure. They did not depart. On July 1, 1971, they filed a motion to reopen, claiming they were eligible for relief under Section 241(f) [8 U.S.C. § 1251(f)] of the Immigration Act. The motion was denied. This court vacated that denial and remanded the case for reconsideration in light of *Lee Fook Chuey v. INS*, 439 F.2d 244 (9th Cir. 1970). After a rehearing, this court withdrew its prior decision and affirmed the denial of the motion to reopen [1] on the basis of *Reid v. INS*, 420 U.S. 619, 95 S.Ct. 1164, 43 L.Ed.2d 501 (1975), which holding was contrary to *Lee Fook Chuey*.

Petitioners then filed their second motion to reopen which is the subject of this appeal. This time they claimed that since they had been here more than seven years, they were eligible for suspension of deportation pursuant to Section 244 [8 U.S.C. § 1254] of the Act. On June 8, 1976, the Board of Immigration Appeals denied the motion to reopen.

This court has jurisdiction to review this case pursuant to 8 U.S.C. § 1105a. However, this review "is limited to the

---

* The Honorable Edmund L. Palmieri, Senior United States District Judge, Southern District of New York, sitting by designation.

1. The end of the first round is reported at 519 F.2d 1372 (9th Cir. 1975). On January 12, 1976, petition for certiorari was denied. 423 U.S. 1057, 96 S.Ct. 792, 46 L.Ed.2d 647.

question whether the Board has abused its discretion." *Lee v. INS*, 550 F.2d 554, 555 (9th Cir. 1977).

On this record we hold that there has been no abuse of discretion. First, petitioners did not qualify under Section 244 [8 U.S.C. § 1254] as aliens who had been present continuously for seven years since they conceded deportability in 1970 after they had been here for only four years. (*See e. g., Matter of Sipus*, Interim Decision 2172 (BIA 1972), and *Matter of Lam*, Interim Decision 2136 (BIA 1972), cited by the Board (CR 5) ).

Finally, even if petitioners were to qualify for the seven-year requirement, they do not qualify under the "extreme hardship" test of Section 244. *See Lee v. INS, supra*, and *Kasravi v. INS*, 400 F.2d 675 (9th Cir. 1968).

No petition for rehearing shall be entertained. The mandate shall issue forthwith. *See* F.R.A.P. 2.

AFFIRMED.