MATTER OF CIENFUEGOS

In Deportation Proceedings

A-22123177

*Decided by Board December 20, 1979*

(1) The Third Circuit Court of Appeals, in its decision in *Brea-Garcia* v. *INS*, 531 F.2d 693 (3 Cir. 1976), adopted a test to define "adultery" which refers exclusively to the definition contained in state civil law.

(2) Insofar as *Matter of Trujillo*, 15 I&N Dec. 453 (BIA 1977), implies that a definition of adultery other than that found in state civil law is applicable in the Third Circuit, that case is over-ruled.

(3) *Matter of P—*, 7 I&N Dec. 376 (BIA 1956), is modified to the extent that it holds that both state civil and criminal definitions of adultery apply in determining adultery for purposes of good moral character.

(4) Where the respondent began cohabiting with another woman while he was married, he committed adultery under the civil law of New Jersey as found in *Brea-Garcia* v. *INS*, 531 F.2d 693 (3 Cir. 1976), and cannot be found to be a person of good moral character under the provisions of section 101(f)(2) of the Immigration and Nationality Act, 8 U.S.C. 1101(f)(2), and his application for voluntary departure is denied.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under section 212(a)(20), I&N Act (8 U.S.C. 1182(a)(20))—Not in possession of a valid immigrant visa

ON BEHALF OF RESPONDENT: Robert Frank, Esquire
Levy & Rubin
744 Broad Street
Newark, New Jersey 07102

ON BEHALF OF SERVICE: Sydney B. Rosenberg
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

In a decision dated February 6, 1978, we dismissed the appeal of the respondent, a native and citizen of El Salvador, from an order of an immigration judge finding him deportable and denying him the privilege of voluntary departure in lieu of deportation. The respondent has moved to reopen deportation proceedings. The motion, which is

opposed by the Service, will be denied. However, we are reopening the case on our own motion in order to clarify our position concerning the definition of adultery to be applied in cases arising in the jurisdiction of the Third Circuit Court of Appeals.

The respondent seeks reinstatement of voluntary departure based upon his marriage to a lawful permanent resident who has filed a visa petition on his behalf and his legitimation of their United States citizen child who was born out of wedlock.

A motion to reopen deportation proceedings to apply for discretionary relief will not be granted unless it establishes prima facie eligibility for that relief. *Tenorio-Martinez* v. *INS*, 546 F.2d 810 (9 Cir. 1976); *Matter of Lam*, 14 I&N Dec. 98 (BIA 1972).

The respondent requests reinstatement of voluntary departure yet he has never been accorded that privilege. In our February 6, 1978, decision dismissing the appeal, we affirmed the finding of the immigration judge that the respondent was ineligible for voluntary departure due to a lack of good moral character and, furthermore, that he did not merit a favorable exercise of discretion. The finding of a lack of good moral character was based upon the respondent's relationship with the woman who is now his wife. The respondent who entered the United States on October 13, 1975, testified that he began living with this woman in New Jersey in August of 1976 although at that time he was still married to a woman in El Salvador and that his wife had filed for divorce in June of 1976. The Board held that the type of conduct that qualifies as "adultery" under section 101(f)(2), is that which has destroyed a viable marriage, citing *Matter of Trujillo*, 15 I&N Dec. 453 (BIA 1977), and concluded that although the respondent's conduct may not have strictly qualified as adultery under that standard, it nevertheless constituted a lack of good moral character.

The standard of adultery that we are bound to apply in cases arising in New Jersey is that adopted by the Third Circuit Court of Appeals in *Brea-Garcia* v. *INS*, 531 F.2d 693 (3 Cir. 1976). The majority in *Brea-Garcia* held that the term "adultery" as it appears in section 101(f)(2) must be construed exclusively with reference to state *civil* law. Under New Jersey law, adultery as a ground for divorce is defined as "voluntary sexual intercourse of a married person with one not the husband or wife of that person." This definition and not the "destruction of an existing viable marriage" test[1] is the standard to be used to determine

---

[1] The majority in *Brea-Garcia* v. *INS, supra,* specifically declined to follow the lead of several other federal appellate courts in formulating a uniform federal standard of adultery rather than relying upon the vagaries of state law. The definition of adultery as "extramarital intercourse that tends to destroy an existing viable marriage" has been adopted, with minor variations, by the Ninth and District of Columbia Circuit Courts of Appeals. *See Moon Ho Kim* v. *INS,* 514 F.2d 179 (D.C. Cir. 1975); *Wadman* v. *INS,* 329

whether, in cases arising in New Jersey, an alien's meretricious conduct qualifies as "adultery" under section 101(f)(2) and thus statutorily precludes him or her from establishing good moral character.[2] Insofar as *Matter of Trujillo, supra,* would imply that the standard set forth therein is applicable within the Third Circuit, it is hereby overruled.[3] However, this is the law of the Circuit and the Board is bound to apply this standard in cases arising within its jurisdiction.

Viewing the respondent's conduct with reference to New Jersey civil law—the standard applied in *Brea-Garcia*—it is evident that the respondent, who began cohabiting with a woman while he was still married to another, did commit adultery.[4] Therefore, he is precluded from establishing good moral character under section 101(f)(2) and, as a result, is statutorily ineligible for voluntary departure.

The motion to reopen for reinstatement of voluntary departure must, of course, be denied since he is statutorily ineligible for voluntary departure. The family ties that he has acquired here do not entitle him to any type of relief from deportation that the Board is authorized to grant.

**ORDER:** The motion is denied.

---

F.2d 812 (9 Cir. 1964). However, the *Brea-Garcia* court implicitly acceded to the finding of the immigration judge in the proceedings below that a viable marriage was apparently destroyed in the respondent's case. 531 F.2d at 698.

[2] *Brea-Garcia* v. *INS, supra,* addressed only New Jersey law. Thus, the particular definition of adultery to be applied to cases arising in other states within the Third Circuit would presumably require consideration of the civil law of the particular state.

[3] To the extent that *Matter of P—,* 7 I&N Dec. 376 (BIA 1956) (holding that adultery is to be determined with reference to New Jersey criminal *and* civil law), is inconsistent with *Brea-Garcia* v. *INS, supra,* it is accordingly modified.

[4] The respondent's subsequent marriage to the woman with whom he had been cohabiting does not erase the prior adulterous relationship with its resulting birth out of wedlock. *See Brea-Garcia* v. *INS, supra,* at 698.

MATTER OF ESTRADA

In Deportation Proceedings

A-30422678

*Decided by Board December 20, 1979*

(1) The deportation of the respondent, who was deported under section 241(a)(13) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(13), as an alien who knowingly and for gain assisted, abetted or aided another alien to enter the United States illegally, is not rendered unlawful or violative of due process when a conviction for aiding and abetting the unlawful entry of an alien is set aside. A conviction is not necessary to a finding of deportability under section 241(a)(13), and the respondent's own testimony and affidavit regarding his role in bringing aliens into the United States constituted sufficient evidence of deportability. *Mendez v. INS*, 563 F.2d 956 (9 Cir. 1977) distinguished.

(2) Where the respondent's deportation was neither illegal nor in contravention of due process, the Board is without jurisdiction to grant reopening or to order readmission. 8 C.F.R. 3.2.

CHARGE:

Order: Act of 1952—Sec. 241(a)(13) [8 U.S.C. 1251(a)(13)]—Aiding and abetting the unlawful entry of aliens into the United States

ON BEHALF OF RESPONDENT:
Raymond Campos, Esquire
304 South Broadway, Suite 310
Los Angeles, California 90013

ON BEHALF OF SERVICE:
Jane Gersbacher, Esquire
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

The respondent has filed a motion to reopen his deportation proceedings, and is requesting that an order be entered to admit him as a lawful permanent resident. The motion will be denied.

The respondent is a 25-year-old native and citizen of Mexico who was admitted to the United States as an immigrant on May 13, 1973. On August 16, 1976, an immigration judge found the respondent deportable under section 241(a)(13) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(13), as an alien who knowingly and for gain assisted, abetted or aided an alien to enter the United States unlawfully. This Board affirmed the immigration judge's decision on October 27, 1977,

and our decision was in turn affirmed by the Ninth Circuit Court of Appeals on June 28, 1978. A petition for rehearing was denied by the Ninth Circuit on July 24, 1978. The respondent was deported from the United States on August 17, 1978.

After his deportation, the respondent filed a Motion to Vacate, Set Aside or Correct Sentence with the United States District Court, District of Arizona, which had on May 27, 1976, convicted him of aiding and abetting the unlawful entry of an alien into the United States. On April 18, 1979, the respondent's guilty plea was set aside, and on June 21, 1979, the respondent's attorney was informed that the United States Attorney's office in Phoenix had decided not to proceed further in their case against the respondent. The instant motion, filed on August 10, 1979, is based primarily on the fact that the respondent's conviction was set aside.

As pointed out in the Immigration and Naturalization Service's opposition to this motion, 8 C.F.R. 3.2 provides:

A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States.

As this motion was made long after the respondent's deportation, deportation proceedings are no longer pending against the respondent, and we are thus without jurisdiction to reopen them. *Cf. Matter of Palma,* 14 I&N Dec. 486 (BIA 1973).

In his motion, the respondent cites *Mendez v. INS,* 563 F.2d 956 (9 Cir. 1977), wherein the Court held that if an alien's deportation is illegal or in contravention of due process, he may be readmitted with the same status he held prior to his departure, and will be permitted to pursue any administrative and judicial remedies to which he is entitled. *Mendez,* however, is clearly distinguishable from the present case. In *Mendez,* the alien was convicted of burglary and given a 1 year's sentence, and so was found deportable under section 241(a)(4) of the Act, as an alien convicted of a crime involving moral turpitude with a sentence imposed of 1 year or longer. *Prior* to the deportation of the respondent in *Mendez,* his 1 year sentence was vacated, and a 9-month sentence was imposed. A week after this reduction in sentence, the Service notified the respondent to appear for deportation, but did not notify his counsel. The respondent appeared as ordered, explained that a shorter sentence had been imposed, but was nevertheless deported the same day, without an opportunity to contact counsel. The Court found a violation of due process on these facts, and ordered the respondent readmitted in order to pursue any possible remedies.

In the present case, the respondent's conviction was set aside long after his deportation, not prior to it. Moreover, as the respondent here

188

was found deportable under a section of the Act which does not require a criminal conviction, it does not appear that even a more timely setting aside of the conviction would have wiped out the grounds for his deportation.[1] The respondent's own testimony and affidavit regarding his role in bringing aliens into the United States illegally constitute clear, convincing, and unequivocal evidence of deportability. The conviction is not necessary to this finding. Finally, the respondent's counsel in this case had notice of the respondent's imminent deportation, and in fact filed an application for stay of deportation on his behalf.[2]

We do not find that the respondent's departure on August 18, 1978, under an order of deportation, was in contravention of due process. As the deportation was lawful, we are constrained by 8 C.F.R. 3.2 to deny this motion for lack of jurisdiction.

ORDER: The motion is denied.

---

[1] Section 241(a)(13) of the Act provides for the deportation of any alien who:
(13)prior to, or at the time of any entry, or at any time within five years after entry, shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law.

[2] As pointed out in the respondent's motion, the stay application was not denied until after the respondent's deportation. This is unfortunate, but we note that the respondent had no entitlement to a stay. 8 C.F.R. 234.4.