Miguel MENDOZA–HERNANDEZ,
Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 80–2615.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 18, 1981.

Decided Nov. 4, 1981.

Rehearing and Rehearing En Banc
Denied Dec. 15, 1981.

Ralph M. Schelly, Chicago, Ill., for petitioner.

Richard M. Evans, Civil Dept., Dept. of Justice, Washington, D. C., for respondent.

Before CUMMINGS, Chief Judge, SWYGERT, Senior Circuit Judge, and BAUER, Circuit Judge.

SWYGERT, Senior Circuit Judge.

The petitioner, Miguel Mendoza-Hernandez, is a citizen of Mexico who last entered the United States on April 17, 1969. He obtained a visa as an immediate relative immigrant because of his alleged marriage to a United States citizen.

The petitioner, however, was previously married in Mexico and had not divorced his wife before marrying the United States citizen. Upon learning this fact, the Immigration and Naturalization Service (hereinafter "the Service") began deportation proceedings. The Service charged the petitioner as deportable under section 241(a)(1) of the Immigration and Nationality Act (hereinafter "the Act"), 8 U.S.C. § 1251(a),[1] because he was excludable under section 212(a)(19), 8 U.S.C. § 1182(a)(19),[2] and 212(a)(14) of the Act, 8 U.S.C. § 1182(a)(14).[3] Petitioner admitted his deportability, but sought an exemption from deportation under section 241(f) of the Act, 8 U.S.C. § 1251(f).[4] He alleged that he was now lawfully married to a United States citizen.

The immigration judge ordered an investigation of the petitioner's marital status. After two and one half years, the Service concluded that the petitioner was lawfully married. The immigration judge decided, however, that while section 241(f) of the Act exempted the alien from deportation on the basis of fraud (section 212(a)(19)), it did not exempt him from deportation because he lacked a valid labor certificate (section 212(a)(14)).

The petitioner then filed for a suspension of deportation pursuant to section 244(a)(1) of the Act, 8 U.S.C. § 1254(a).[5] The immigration judge ordered an investigation to determine whether the petitioner met the eligibility criteria of section 244(a)(1). The investigation took two and one half years;

1. Section 241(a)(1) reads:
   (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—
   (1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry;

2. Section 212(a)(19) reads:
   [T]he following classes of aliens . . . shall be excluded from admission into the United States:
   Any alien who seeks to procure, or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States, by fraud, or by willfully misrepresenting a material fact;

3. Section 212(a)(14) reads in pertinent part:
   Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that (A) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of aliens who are members of the teaching profession or who have exceptional ability in the sciences or the arts), and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. . . .

4. Section 241(f) states:
   The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

5. Section 244(a)(1) states:
   (a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—
   (1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. . . .

during this time petitioner divorced his wife. The immigration judge held the petitioner not eligible for a suspension of deportation because he failed to prove that his deportation would result in extreme hardship.

The Board of Immigration Appeals (hereinafter "the Board") agreed that section 241(f) did not exempt the alien from deportation on the basis of section 212(a)(14). Furthermore, it agreed that the petitioner was not eligible for a suspension of deportation under section 244(a)(1). The Board ordered the petitioner deported.

Petitioner alleges that (1) the Board erred in finding that section 241(f) did not exempt him from deportation on the basis of section 212(a)(14); (2) the Board erred in finding him ineligible for a suspension of deportation under section 244(a)(1); and (3) the Service is estopped from deporting him because the delays involved in both investigations were unreasonable and prejudicial.

## I.

■ Petitioner asserts that section 241(f) of the Act exempts from deportation a person who entered the country to perform labor without obtaining a valid labor certificate (section 212(a)(14) of the Act). The law is to the contrary. The Supreme Court has held that the section 241(f) exemption does not extend to any of the grounds of excludability specified in section 212(a) other than subsection (19). *Reid v. INS*, 420 U.S. 619, 630, 95 S.Ct. 1164, 1170–71, 43 L.Ed.2d 501 (1975). Moreover, this court and others have held specifically that the section 241(f) exemption does not extend to deportations based on section 212(a)(14). *Cobian-Hernandez v. INS*, 587 F.2d 872, 875 (7th Cir. 1978). *See Skelly v. INS*, 630 F.2d 1375, 1381 (10th Cir. 1980); *David v. INS*, 578 F.2d 1373 (3d Cir. 1978); *Cacho v. INS*, 547 F.2d 1057, 1062 (9th Cir. 1976). Petitioner concedes that when he entered the United States he was excludable under section 212(a)(14). Section 241(f) does not extend to deportations based on excludability under section 212(a)(14). Neither the Board nor the immigration judge, therefore, erred on this issue.

## II.

■ Petitioner asserts that his application for suspension of deportation pursuant to section 244(a)(1) of the Act should have been adjudicated immediately when he filed it. The judge's referral of the application for a character and neighborhood investigation was both reasonable and necessary. An immigration judge cannot simply rely on a person's assertions that he has been continuously present in the United States for seven years, that he is of good moral character, and that his deportation will cause extreme hardship (the section 244(a)(1) requirements). This investigation will necessarily take time. Whether the length of the investigation was unreasonable and prejudicial is a different question which we address later. The fact that the judge ordered an investigation, however, and did not rule on petitioner's application until it was completed, was not in error.

■ Petitioner also asserts that he was eligible for suspension of deportation when he filed his application because his deportation would cause "extreme hardship" within the meaning of section 244(a)(1). Significantly, the petitioner cites no cases to support his assertion. The Supreme Court has stated that the term "extreme hardship" is to be defined in the first instance by the Attorney General and his delegates. *INS v. Wang*, 450 U.S. 139, 140, 101 S.Ct. 1027, 1029, 67 L.Ed.2d 123 (1981). This court may overturn the Board's determination on this issue only if there was an abuse of discretion. *Villena v. INS*, 622 F.2d 1352, 1357 (9th Cir. 1980); *Banks v. INS*, 594 F.2d 760, 762 (9th Cir. 1979). It is well settled that economic detriment by itself does not constitute "extreme hardship." *Villena v. INS*, 622 F.2d at 1358; *Pelaez v. INS*, 513 F.2d 303, 304–05 (5th Cir. 1975); *Kasravi v. INS*, 400 F.2d 675, 676 (9th Cir. 1968); *Kwang Shick Myung v. INS*, 368 F.2d 330, 331 (7th Cir. 1966). The Board has determined that the petitioner's situation does not amount to extreme hardship; we cannot say that this determination was an abuse of discre-

tion. Neither the Board nor the immigration judge erred in finding the petitioner ineligible for a suspension of deportation.[6]

## III.

■ Petitioner's final argument is that the Service is estopped from deporting him because of the delays involved in both of its investigations. Petitioner must show that the Service's conduct amounted to affirmative misconduct. *INS v. Hibi*, 414 U.S. 5, 8–9, 94 S.Ct. 19, 21–22, 38 L.Ed.2d 7 (1973); *Santiago v. INS*, 526 F.2d 488 (9th Cir. 1975), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976). Moreover, he must show that the misconduct was prejudicial to him. *Shon Ning Lee v. INS*, 576 F.2d 1380, 1382 (9th Cir. 1978); *Sun Il Yoo v. INS*, 534 F.2d 1325, 1329 (9th Cir. 1976).

■ Unexplained delays by the Service in its administrative procedures can amount to affirmative misconduct. If these delays actually prejudice the alien, then the Government is estopped from denying the alien the relief he has requested. *Miranda v. INS*, 638 F.2d 83, 84 (9th Cir. 1980); *Villena v. INS*, 622 F.2d 1352, 1361 (9th Cir. 1980); *Sun Il Yoo v. INS*, 534 F.2d 1325, 1328 (9th Cir. 1976).

■ Even if the delays in this case were unreasonable, there is no showing that the petitioner was prejudiced. At no time was he eligible for a waiver of deportation pursuant to section 241(f) of the Act. Moreover, he was never eligible for a suspension of deportation pursuant to section 244(a)(1) of the Act. The fact that petitioner divorced his wife during the investigation of his application for a suspension of deportation did not prejudice his situation. There is no basis for imposing estoppel against the Service because there is no showing of prejudice to the petitioner's situation. *Shon Ning Lee v. INS*, 576 F.2d 1380, 1382 (9th Cir. 1978).

## IV.

The order of the Board of Immigration Appeals is affirmed.

---

6. Given our disposition of the case, we do not address the Board's dictum that the petitioner's fraudulent conduct in entering the country was a sufficient reason for denying his request for a suspension of deportation even if he were eligible for it.