127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Noel E. DABAO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70691.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1997.**
Decided Oct. 14, 1997.
 
 Petition for Review of the Decision of the Board of Immigration Appeals, No. Ars-hws-ukp.
 Before: O'SCANNLAIN, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Noel E. Dabao, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") decision finding him deportable as charged and denying his application for suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1).[1] Dabao was found deportable for remaining longer than permitted in the United States.
 
 
 3
 Decisions denying suspension of deportation are reviewed under the abuse of discretion standard. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995); Casem v. INS, 8 F.3d 700, 702 (9th Cir.1993). That standard requires the BIA to take into account all relevant factors without acting in an arbitrary, illegal, or irrational fashion. Casem, 8 F.3d at 702.
 
 
 4
 To qualify for suspension of deportation, an applicant must show: (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of the application; (2) good moral character; and (3) that deportation would result in extreme hardship to the applicant or a spouse, parent, or child of the applicant who is a United States citizen or lawful permanent resident. See 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 5
 The BIA held Dabao ineligible for suspension of deportation on the ground that Dabao failed to demonstrate that deportation would result in extreme hardship to him or a qualifying relative. Dabao argues that the BIA did not consider the hardship that his parents and wife would experience if he were deported. However, Dabao failed to present any evidence regarding his relationship with his parents or regarding the effect that his deportation would have on his parents' physical or emotional well-being. The Board is not required to consider the possibility of hardship to Dabao's wife because she is not a United States citizen or lawful permanent resident and therefore not a qualifying relative under 8 U.S.C. § 1254(a)(1). Moreover, Dabao testified that, if he were deported, his wife would return with him to the Philippines.
 
 
 6
 Dabao also argues that deportation would cause him extreme hardship because it would be difficult for him to find employment in the Philippines. However, Dabao received training in the United States as a certified nurse assistant, and failed to show that he would be totally unable to find work in the Philippines. Absent evidence of a complete inability to secure employment, mere difficulty finding comparable employment does not constitute extreme hardship. Kasravi v. INS, 400 F.2d 675, 676 (9th Cir.1968).
 
 
 7
 Finally, Dabao contends that the IJ failed to advise him of his right to apply for asylum and failed to consider the admissibility of several documents at the deportation hearing. Because Dabao failed to raise these issues before the BIA, this court lacks jurisdiction to consider them. See Vargas v. United States Dept. of Immigration & Naturalization, 831 F.2d 906, 907-08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust administrative remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").
 
 
 8
 The petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 While Dabao's petition for review of the BIA's decision was pending Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"). The Act, which generally became effective on April 1, 1997, replaced suspension of deportation with a more limited remedy entitled "cancellation of removal" However, with a few exceptions that do not apply here, IIRIRA does not govern applications for suspension of deportation filed before the new law became effective. See IIRIRA § 309(c), published at 8 U.S.C. § 1101 note (Subtitle A of Title III of Division C of Act of Sept. 30, 1996; effective dates; transition) Dabao's application for suspension of deportation was filed on July 7, 1995. Therefore, Dabao's application is properly addressed under section 244(a)(1) of the INA, formerly codified at 8 U.S.C. § 1254(a)(1)