145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ARTURO Gutierrez, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70965.
A 73-929-783.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1998.**
Decided May 6, 1998.
As Amended May 29, 1998.
 
 Petition for Review of an Order of the Board of Immigration Appeals.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arturo Gutierrez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's order denying both his application for suspension of deportation and his motion for review of the denial by the Legalization Appeals Unit ("LAU") of his legalization application. The facts are known to the parties, and we shall not repeat them here.
 
 
 3
 * The LAU denied Gutierrez's application for legalization on the ground that Gutierrez failed to establish continuous residence in the United States since before January 1, 1982, as required by 8 U.S .C. § 1255a(2)(A). Our review of the LAU's decision is "based solely upon the administrative record ... and the findings of fact and determinations contained in such record [are] conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole." 8 U.S.C. § 1255a(f)(4)(B).
 
 
 4
 Gutierrez contends that the LAU abused its discretion by refusing to consider as evidence of continuous residence photocopies of paycheck stubs, bank statements, utility bills, and various other documents that Gutierrez claims to have maintained. However, under the relevant regulation, Gutierrez was required to submit "original[s]" of such documents "wherever possible."[1] 8 C.F .R. § 245a.2(e)(2). Gutierrez failed to demonstrate that it would have been "[im]possible" for him to submit originals.[2] Accordingly, the LAU did not err in refusing to consider these documents as evidence that Gutierrez has continuously resided in the United States since 1982.
 
 
 5
 Gutierrez next contends that the LAU abused its discretion by failing to find that his continuous residence was established by the Social Security printout that he submitted to show that he had earned money in the United States every year since 1976. To prove that he has "resided continuously" in the United States, Gutierrez was required to demonstrate that, between 1982 and the date of his application, no single absence from this country exceeded 45 days, and the aggregate of all absences did not exceed 180 days. See 8 C.F.R. § 245a.1(c)(1). The Social Security printout demonstrates that Gutierrez earned money in the United States every year since 1976. It does not establish that Gutierrez "resided continuously" in the United States, as that phrase is defined in 8 C.F.R. § 245a.1(c)(1).[3]
 
 II
 
 6
 The BIA denied Gutierrez's application for suspension of deportation on the ground that Gutierrez failed to demonstrate extreme hardship, as required by 8 U.S.C. § 1254(a) (repealed Sept. 30, 1996). (See Pub. L. No. 104-208, div. C, title III, § 308(b)(7) 110 Stat. 3009-615). Gutierrez asserts that, in so ruling, the BIA failed adequately to consider the difficulty he would have finding a job in Mexico as well as his community ties in the United States.
 
 
 7
 Gutierrez contends that, if deported, he would be unable to find a job comparable to his present position as a worker at a plastics company. However, Gutierrez worked as a plumber in Mexico before coming to the United States, and has presented no evidence to demonstrate that he could not find work as a plumber if deported. The difficulties an alien may experience in returning from the United States to another country with reduced employment opportunities do not constitute extreme hardship. See Kasravi v. INS, 400 F.2d 675, 676 (9th Cir.1968).
 
 
 8
 Gutierrez also contends that his community ties warrant a finding of extreme hardship. However, other than infrequent church attendance, Gutierrez has offered little evidence of community ties. Gutierrez has no family in the United States. In fact, his wife and adopted son live in Mexico. Although he has lived in the United States for 21 years, Gutierrez has not learned to speak English. As we noted in Shooshtary v. INS, 39 F.3d 1049 (9th Cir.1994), "[t]he uprooting of family, the separation from friends, and other normal processes of readjustment to one's home country after having spent a number of years in the United States are not considered extreme, but represent the type of inconvenience and hardship experienced by the families of most aliens in the [petitioner's] circumstances." Id. at 1051.
 
 
 9
 For the foregoing reasons, the petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 8 C.F.R. § 245a.2(e)(2) states, in pertinent part:
 At the time of the interview, wherever possible, original documentation must be submitted except the following: Official government records; employment or employment-related records or documents maintained by employers, unions, or collective bargaining organizations; medical records; school records maintained by a school or school board; or other records maintained by a party other than the applicant.
 Id. (emphasis added). It is undisputed that the materials that Gutierrez submitted were "maintained" by Gutierrez himself.
 
 
 [2]
 For obvious reasons, we do not place upon the INS the burden of demonstrating that it would have been possible for Gutierrez to submit originals
 
 
 [3]
 Gutierrez also argues that the LAU violated his constitutional right to due process by failing to hold an evidentiary hearing. However, as we stated in Liu v. Waters, 55 F.3d 421 (9th Cir.1995), a petitioner "cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violated due process." Id. at 425